■ In the Matter of CLEVELAND LADSON, JR., v ROBERT J. McGUIRE. — Motion, insofar as it seeks reargument, dismissed as untimely (22 NYCRR 600.14 [a]); and insofar as it seeks leave to appeal to the Court of Appeals, the motion is denied, with $20 costs. Concur — Ross, J. P., Carro, Bloom and Kassal, JJ.

## (May 26, 1983)

■ RICHARD F. FIELDING, Respondent, v ELEANOR B. DREW, Appellant. — Order of the Supreme Court, New York County (Ryp, J.), entered on February 10, 1983, which, *inter alia,* granted plaintiff's motion for a preliminary injunction enjoining defendant and anyone acting on her behalf from commencing or continuing any legal or equitable proceeding in any court, particularly the action entitled *Drew v Fielding* now pending in Maryland, is reversed, on the law, with costs and disbursements, and the motion is denied. The instant matter concerns two promissory notes signed by plaintiff-respondent borrower and purportedly secured by mortgages on real property situated in Maryland. Defendant-appellant has an equitable action pending in Maryland which seeks to foreclose on the property. The New York case involves a suit brought by plaintiff, who is defendant's husband, in connection with the underlying promissory notes. It is plaintiff's contention that the notes are void as being usurious and, further, that defendant's attachment proceeding in Maryland constitutes an abuse of process. Defendant interposed an answer containing a number of defenses and counterclaims. Thereafter, plaintiff moved in New York for a preliminary injunction to enjoin defendant and anyone acting on her behalf from commencing or continuing any legal or equitable proceeding in any court, particularly with regard to the Maryland matter, and Special Term granted the preliminary injunction. At issue here is the construction of RPAPL 1301, which prohibits a mortgage lender from simultaneously prosecuting an action at law on a promissory note and an action in equity on the mortgage. However, RPAPL 1301 was derived from sections 1077 and 1078 of the Civil Practice Act, rule 255 of the Rules of Civil Practice and sections 1628 and 1630 of the Code of Civil Procedure of 1876. These predecessor statutes to RPAPL 1301 have been repeatedly interpreted to have no application to property located outside of New York State. (*Provident Sav. Bank & Trust Co. v Steinmetz,* 270 NY 129; *Hutchinson v Ward,* 192 NY 375; *New York Life Ins. Co. v Aitkin,* 125 NY 660.) As the Court of Appeals stated in *Provident Sav. Bank & Trust Co. v Steinmetz* (*supra,* at p 131): "Thus, where an action has been brought on the debt instead of foreclosing the mortgage given to secure the debt, execution must be first issued and returned unsatisfied. This clearly applies to a debt secured by mortgage upon property in this State. The section refers to any part of the mortgage debt and says that any action to foreclose *the* mortgage shall not be commenced, etc. As no action can be maintained to foreclose a mortgage except upon property in this State, the debt thus sued upon must be one secured by mortgage upon property in this State. This seems to be quite clear." Since the property at issue here is situated in Maryland, Special Term should not have granted the preliminary injunction. Concur — Murphy, P. J., Sandler, Bloom, Milonas and Alexander, JJ.