■ ANRON AIR SYSTEMS, INC., Respondent, v COLUMBIA SUS- SEX CORPORATION, Appellant. [609 NYS2d 49] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered December 19, 1991, which denied the defendant's motion to dismiss the action pursuant to CPLR 3211 (a) (4) and RPAPL 1301 or to stay the action pursuant to CPLR 2201.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is granted to the extent of staying the instant action until entry of judgment in an action entitled *L&L Painting Co. v Columbia Sussex Corp.* pending in the Supreme Court, Suffolk County, under Index No. 14110/ 90, or until further order of the Supreme Court, Suffolk County, in that action.

The defendant Columbia Sussex Corporation (hereinafter Columbia) is an owner-developer of a hotel project in Melville, Long Island. The plaintiff Anron Air Systems, Inc. (hereinafter Anron), was a subcontractor on that project. In June 1990 Anron commenced the instant action to recover damages for breach of contract against Columbia, alleging that it had not been paid in full for the work it had performed in installing a heating and air conditioning system in the hotel. Based upon

this debt, Anron filed a notice of lien against the hotel in July 1990.

In the Spring of 1991 another claimant of Columbia, L&L Painting Co., Inc. (hereinafter L&L) commenced a lien foreclosure action against Columbia and a multitude of its lienors on the hotel project in the Supreme Court, Suffolk County, under Index No. 14110/90. Anron interposed an answer which contained a cross claim against Columbia seeking to foreclose its July 1990 lien. Both the original breach of contract action and the cross claim seeking to foreclose the lien were based upon the same underlying debt.

Columbia then moved to dismiss the instant action alleging that Anron was prohibited from maintaining it while its lien foreclosure action was pending. The Supreme Court denied the motion, on the ground that the breach of contract action had been commenced prior to the time Anron asserted its cross claim to foreclose its lien. We now reverse to the extent of staying the prosecution of the instant action.

Pursuant to Lien Law § 43: "The provisions of the [RPAPL] relating to actions [to foreclose] a mortgage [on] real property, and the sale and distribution of the proceeds thereof, apply to actions in a court of record, to enforce mechanics' liens on real property, except as otherwise provided in [Lien Law art 3]." A review of the Lien Law reveals that it does not "otherwise provide" with respect to the enforcement of mechanics' liens on real property such as the one at bar. Therefore, pursuant to Lien Law § 43, the provisions of the RPAPL are applicable herein.

RPAPL 1301 entitled "Separate action for mortgage debt" provides in pertinent part as follows: "(3) While [an] action [to foreclose a mortgage] is pending * * * no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court."

Therefore, applying the provision of RPAPL 1301 (3) to the cross claim asserted by Anron for foreclosure of its lien in the L&L action, "it would follow * * * that while a lien foreclosure action is pending * * * no other action shall be commenced or *maintained* to recover any part of the lienor's claim, without leave of the court in which the foreclosure action [is] brought" (Bowmar, Mechanics' Liens in New York § 13.2, at 417 [1992]; emphasis added). In other words, once Anron asserted its claim for lien foreclosure against Columbia in the L&L action, RPAPL 1301 (3) operated to bar the *maintenance* of the previously commenced action against Co-

lumbia for recovery of the same underlying debt. Since it is conceded that Anron never sought leave of the court in which the L&L action was pending in order to maintain its previously commenced breach of contract action, Columbia's motion should have been granted, at least to the extent of staying prosecution of the breach of contract action. This is true despite the fact that the breach of contract action was commenced prior to the lien foreclosure action *(see generally, Brown v Bellamy,* 170 AD2d 876; *First Fid. Bank v Best Petroleum,* 757 F Supp 293).

We decline to dismiss the instant action, however. The legislative intention underlying RPAPL "is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action" *(Dollar Dry Dock Bank v Piping Rock Bldrs.,* 181 AD2d 709, 710). Here, the plaintiff did not *elect* to enter the foreclosure action, but was named as a defendant, and was obliged to raise its claims therein or "be deemed to have waived the same," under the terms of Lien Law § 44 (5). We conclude that the plaintiff should not be penalized by dismissal of the instant action because it was forced to preserve its claims by asserting them in the foreclosure action. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.