■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v ANTONETTE DE CRESENZO et al., Appellants. [616 NYS2d 638] —In an action upon a promissory note to recover the deficiency remaining on a mortgage following a Massachusetts foreclosure sale, the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated April 11, 1991, which granted the plaintiff's motion for summary judgment pursuant to CPLR 3213.

Ordered that the order is affirmed, with costs.

In this case, the Supreme Court properly gave full faith and credit to a Massachusetts judgment. New York courts can review judgments of sister States to the extent of ascertaining

whether those courts possessed personal jurisdiction over the defendant *(see, Augusta Lbr. & Supply v Sabbeth Corp.,* 101 AD2d 846). "If that court [sister State] did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *(Underwriters Natl. Assur. Co. v North Carolina Guar. Assn.,* 455 US 691, 705.) Here, the Massachusetts court clearly maintained *in rem* jurisdiction over the property which was foreclosed by the plaintiff.

Under the interest analysis approach, the law of the jurisdiction having the greater interest in the litigation will be applied *(see, Leasing Serv. Corp. v Diamond Timber,* 559 F Supp 972, *affd* 729 F2d 1442). RPAPL 1301 bars simultaneous actions to foreclose a mortgage and to recover a deficiency on the note. However this statute has no application to property located outside New York State *(see, Fielding v Drew,* 94 AD2d 687). Massachusetts law does not bar such simultaneous actions. Massachusetts has greater contacts in this matter than does New York because the mortgage was given by a Massachusetts bank upon property located in that State and the foreclosure action took place there *(see, Franklin Socy. for Home Bldg. & Sav. v Weseman,* 170 Misc 1000). Thus, RPAPL 1301 did not bar the plaintiff from bringing the instant action to recover the deficiency on the note in New York where the defendants reside, and the court properly granted the plaintiff's motion for summary judgment in lieu of complaint. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.