■ UNION REALTY PARTNERS, LTD., Appellant, v MICHAEL MENICUCCI, Respondent. [704 NYS2d 611] —In an action to recover on a guaranty, the plaintiff appeals from an order of the Supreme Court, Richmond County (J. Leone, J.), entered March 4, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, as an individual and as a member of a limited partnership, executed a guaranty in April 1988 in connection with a mortgage and note. The mortgage and note were secured by real property located in New Jersey. Under the terms of the mortgage and note and the guaranty, the defendant agreed to make monthly payments to Community National Bank and Trust Company of New York (hereinafter Community National) in return for a loan. The defendant defaulted on the note, the mortgage was foreclosed, and the property was ultimately sold at a foreclosure sale. No motion for a deficiency judgment was filed. Subsequent to the foreclosure sale, the Federal Deposit Insurance Corporation (hereinafter FDIC) was named liquidating agent of all assets of Community National. The plaintiff, Union Realty Partners, Ltd., purchased the guaranty from the FDIC and ultimately commenced this action to recover damages for breach of contract based on the defendant's failure to make payments under the guaranty.

The Supreme Court properly granted the defendant's motion for summary judgment on the ground that the action was not

timely commenced under RPAPL 1371. Under the interest-analysis approach, the law of the jurisdiction having the greatest interest in the litigation will be applied (*see, Leasing Serv. Corp. v Diamond Timber,* 559 F Supp 972, *affd* 729 F2d 1442; *Haag v Barnes,* 9 NY2d 554; *Federal Deposit Ins. Corp. v De Cresenzo,* 207 AD2d 823). Here, it is clear that New York has the greatest interest in this litigation. Therefore, RPAPL 1371 applies, and the plaintiff's failure to file a motion for a deficiency judgment within 90 days of the date of the consummation of the foreclosure sale bars it from proceeding with this action. Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.