OPINION OF THE COURT
Carolyn E. Demarest, J.
In this action by plaintiff Wells Fargo Bank, N.A., a national *243 banking association, successor-by-merger to Wachovia Bank, National Association, to recover payment on two promissory notes against defendants Yolanda P. Pena, also known as Yolanda P. Plasencia, and Donasia Pena (collectively, defendants), defendants move, under motion sequence number two, to dismiss plaintiffs complaint against them in its entirety with prejudice, or, in the alternative, to stay this action pending the outcome of a New Jersey foreclosure action commenced against them by plaintiff.
Background
On August 16, 2007, Yolanda, as the borrower, in consideration for a loan to purchase investment commercial property, executed and delivered to Wachovia Bank a note in the principal amount of $300,000 (note I). Pursuant to the terms of note I, Yolanda was obligated to pay to Wachovia consecutive monthly payments of principal and interest in the amount of $2,390.62, commencing on September 16, 2007 and continuing on the same day of each month thereafter until fully paid. Interest was to accrue on the unpaid principal balance on the note in the amount of 7.25% per annum from the date of the note. Note I further provided that all principal and accrued interest would be due and payable on August 16, 2012. Note I also provided that Yolanda agreed to pay a late charge of five percent of any payment not received by Wachovia within 10 days after the payment was due, costs, charges, and expenses incurred, including reasonable attorneys’ fees and disbursements incurred by Wachovia to collect the amount due under note I, and default interest at the interest rate plus three percent.[1]
Also on August 16, 2007, in order to induce Wachovia to extend loans to Yolanda, Donasia, as the guarantor, executed and delivered to Wachovia an unconditional guaranty, under which Donasia unconditionally guaranteed the timely payment and performance of all liabilities and obligations of Yolanda to Wachovia, including all obligations under any notes. Donasia, under the unconditional guaranty, further agreed to pay all expenses incurred by Wachovia to enforce the guaranty, including attorneys’ fees and costs.
*244 In order to secure the payment of note I, Yolanda and Donasia, as mortgagors, executed and delivered to plaintiff a mortgage and assignment of rents (mortgage I) dated August 16, 2007 (the same date as note I) conveying to Wachovia, in fee, the land and premises located at 293 Hall Avenue, also known as 293-295 Hall Avenue, City of Perth Amboy, New Jersey 08861 on the express condition that such conveyance would be void if payment were made in accordance with the terms of note I. Mortgage I was a purchase money mortgage that was used to purchase the mortgaged commercial property. Mortgage I was recorded in the Office of the Middlesex County Clerk in New Jersey on September 13, 2007.
On August 6, 2008, in consideration for a loan in the amount of $50,000 Yolanda executed and delivered to Wachovia a second promissory note in that principal amount. Under the August 2008 note, Yolanda was obligated to pay Wachovia consecutive monthly payments of principal and interest in the amount of $486.18, commencing on September 6, 2008, and continuing on the same day of each month thereafter until fully paid. The August 2008 note provided that all principal and accrued interest was due and payable on August 6, 2011.
Thereafter, effective as of March 20, 2010, Wachovia merged into plaintiff. On March 21, 2013, plaintiff agreed to renew the loan under note I as a term loan with certain modifications, as set forth in a business lending confirmation letter. Under the terms of this business lending confirmation letter, Yolanda promised to pay the principal amount then due on the loan of $254,441.97, together with interest at the fixed rate of 7.250%$ and to pay the amount of $2,390.60, commencing on April 16, 2013 and continuing on the same day of each month thereafter until the maturity date of November 14, 2013. Yolanda further agreed to pay a late charge of $15 or five percent of any payment not received by plaintiff, whichever was greater, within 15 days after the payment was due. Also on March 21, 2013, Donasia executed a commercial guaranty, under which Donasia agreed to give a continuing guaranty of all past, present, and future indebtedness of Yolanda to plaintiff. On December 10, 2013, Yolanda and plaintiff executed a modification agreement to note I, which extended the maturity date on the loan to November 14, 2014. On August 18, 2011, Yolanda executed and delivered to plaintiff a new promissory note, which renewed, extended, and modified the August 2008 note (note II). Note II was in the principal amount of $44,432.69, with *245 interest thereon at seven percent per annum on the unpaid principal balance. Note II provided that payment would be due and payable in consecutive monthly payments of principal and interest in the amount of $401.02, commencing on September 6, 2011 and continuing on the same day of each month thereafter until fully paid. Note II further provided that all principal and accrued interest was due and payable on August 6, 2016. Under note II, interest was to accrue on the unpaid principal balance of the note at the rate of seven percent. Note II also provided that Yolanda agreed to pay a late charge of five percent of any payment not received by plaintiff within 10 days after the payment was due, costs, charges, and expenses incurred, including reasonable attorneys’ fees and disbursements incurred by plaintiff to collect the amount due under note II, and default interest at the interest rate plus three percent. According to plaintiff, the loan documents under note II included note I, and under the terms of note II (the cross default provision), a default occurred when there was a failure of timely payment and default of the obligations under note II or under any other loan document, including note I.
Also on August 18, 2011 (the same date as note II), in order to secure the payment of note II, defendants executed and delivered to plaintiff a mortgage and assignment of rents (mortgage II), thereby conveying to plaintiff, in fee, the mortgaged property, on the express condition that such conveyance would be void if payment were made in accordance with the terms as note II.
Yolanda failed to pay the amounts due under note I by its November 14, 2014 maturity date. By a December 1, 2014 letter, plaintiff demanded payment under note I. According to plaintiff, as of April 20, 2015, $246,553.47 remains due under note I, consisting of $235,982.87 in principal, $5,941.90 in interest, and $4,628.70 for appraisal, environmental costs, and other costs, with interest continuing to accrue.
By a letter also dated December 1, 2014, plaintiff notified Yolanda that based on the cross default provision of note II, she was in default under note II due to her failure to pay all sums outstanding under note I (which it designated therein as the “cross collateralized real estate loan”) by its maturity date. Plaintiff alleges that as of April 20, 2015, the amount due under note II is $39,604.66, which consists of $38,276.38 in principal, $1,228.03 in interest, and $100.25 in late fees, with interest continuing to accrue.
*246 On January 12, 2015, plaintiff filed a mortgage foreclosure action in the Superior Court of New Jersey, Chancery Division, Middlesex County, to foreclose on the mortgaged property which secures the loans evidenced by note I and note II (Wells Fargo Bank v Pena, docket No. F-001167-15). Defendants, as the mortgagors of the property, along with Gregorio Duarte, Emilio Jerez, Maria J. Jerez, and Los Primos Grocery Store, who are all tenants of the mortgaged property, are named as defendants in the New Jersey action. The first cause of action of plaintiff’s complaint in the New Jersey action seeks a judgment against defendants fixing the amount due on the mortgage, barring and foreclosing defendants and all other parties having an interest in the mortgaged property of all equity of redemption in and to the mortgaged property, terminating all leasehold or possessory interests in the mortgaged property, directing plaintiff be paid the amount due on mortgage I and mortgage II, and adjudging that the mortgaged property be sold according to law to satisfy the amount due to plaintiff on the mortgages. The second cause of action of plaintiff’s complaint in the New Jersey action seeks possession of the mortgaged property, and the third cause of action of plaintiff’s complaint in the New Jersey action seeks the appointment of a rent receiver. Yolanda has appeared and interposed an answer in the New Jersey action.
On January 23, 2015, plaintiff commenced this action against defendants by filing a summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to collect on note I and note II from Yolanda, as the borrower, and Donasia, as the guarantor of both of these notes. On April 13, 2015, defendants interposed opposition papers to plaintiff’s motion. On April 29, 2015, the parties appeared for oral argument and the court denied plaintiff’s motion and ordered plaintiff to serve a complaint within 20 days. On May 18, 2015, plaintiff mailed defendants’ counsel its complaint.
Plaintiff’s complaint alleges a first cause of action for breach of note I, a second cause of action for breach of note II, and a third cause of action for breach of the unconditional guaranty and the commercial guaranty (collectively, the guaranty). On June 8, 2015, defendants filed their instant motion to dismiss plaintiff’s complaint.
Discussion
Initially, the court notes that Yolanda seeks dismissal of this action, pursuant to CPLR 3211 (a) (8), on the basis that *247 personal jurisdiction has not been acquired over her. She has submitted an affidavit in which she conclusorily states that she was never served with a summons and notice of motion.[2] Such bare denial of service is insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (2) created by the process server’s affidavit attesting to service (see City of New York v Miller, 72 AD3d 726, 727 [2d Dept 2010]). In addition, at oral argument, defendants’ attorney stated that she was prepared to accept service of the complaint on behalf of defendants. Thus, dismissal based upon a lack of personal jurisdiction must be denied and no traverse hearing is warranted.
In addition, while defendants contend that plaintiff is attempting to avoid the protections afforded to homeowners in foreclosure by commencing this action, this contention is devoid of merit. The mortgaged property is commercial property, as evidenced by note I, which provided that the “Borrower shall use the proceeds of the loan(s) evidence by this Note for the commercial purposes of Borrower, as follows: purchase investment property.” Furthermore, defendants’ attorney admitted, at oral argument, that this action involves commercial property.
Defendants further seek dismissal of plaintiff’s complaint as barred by RPAPL 1301 (3). RPAPL 1301 (3) provides that while a foreclosure action “is pending ... no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.”
RPAPL 1301 (3) “prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court” (First Nationwide Bank v Brookhaven Realty Assoc., 223 AD2d 618, 622 [2d Dept 1996]). Thus, under this election of remedies principle, a plaintiff who has commenced an action to foreclose on a mortgage is not permitted to commence a second simultaneous action attempting to recover the same debt without obtaining leave of court in the foreclosure action (see Aurora Loan Servs., LLC v Reid, 132 AD3d 788, 788-789 [2d Dept 2015]; Shaw Funding, L.P. v Grauer, 98 AD3d 660, 660 [2d Dept 2012]; Aurora Loan Servs., LLC v Spearman, 68 AD3d 796, 797 [2d Dept 2009]). This election of remedies principle fully applies to an action to recover *248 under the guarantee of a note (see TBS Enters. v Grobe, 114 AD2d 445, 446 [2d Dept 1985]; Orchard Hotel, LLC v Zhavian, 34 Misc 3d 1219[A], 2012 NY Slip Op 50180[U], *14 [Sup Ct, Kings County 2012]; Manufacturers Hanover Trust Co. v 400 Garden City Assoc., 150 Misc 2d 247, 249 [Sup Ct, Nassau County 1991]).
It has been held, however, that
“[although RPAPL 1301 (3) prohibits a mortgage lender seeking repayment of a loan from simultaneously prosecuting an action at law to recover upon a promissory note and an action in equity to foreclose the mortgage, the prohibition does not apply where . . . the property securing the loan is located outside of New York State” (Wells Fargo Bank Minn. v Cohn, 4 AD3d 189, 189 [1st Dept 2004]; see also Federal Deposit Ins. Corp. v De Cresenzo, 207 AD2d 823, 824 [2d Dept 1994]; Fielding v Drew, 94 AD2d 687, 687 [1st Dept 1983]).
In the present action, the mortgaged property that is the subject of plaintiffs foreclosure action is located in New Jersey, thus precluding the application of RPAPL 1301 (3) (see Valley Natl. Bank v Spitzer, 31 Misc 3d 1232[A], 2011 NY Slip Op 50926[U], *4 [Sup Ct, Kings County 2011]).
However, while pursuant to the above cited cases relied upon by plaintiff in opposition to defendants’ motion RPAPL 1301 (3) is not technically applicable to this case, the court considers its underlying legislative purpose and policy: to avoid the duplication of claims by the same party and multiple litigation simultaneously addressing the same issues (see Central Trust Co. v Dann, 85 NY2d 767, 772 [1995]; Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930 [2d Dept 2011]; NC Venture I, L.P. v Complete Analysis, Inc., 49 AD3d 514, 515 [2d Dept 2008]; Valley Sav. Bank v Rose, 228 AD2d 666, 667 [2d Dept 1996]; Anron Air Sys. v Columbia Sussex Corp., 202 AD2d 460, 462 [2d Dept 1994]; Dollar Dry Dock Bank v Piping Rock Bldrs., 181 AD2d 709, 710 [2d Dept 1992]; Orchard Hotel, LLC, 2012 NY Slip Op 50180[U], *10). RPAPL 1301 seeks “to protect the mortgagor ‘from the expense and annoyance’ of simultaneously defending against two independent actions to recover the same mortgage debt” (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805 [2d Dept 2015], quoting Central Trust Co., 85 NY2d at 772; see also Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 701 [2d Dept 2015]; NC Venture I, L.P. v Complete Analysis, Inc., 49 AD3d 514, 515 [2d Dept 2008]). *249 This policy would be contravened if this action were permitted to simultaneously proceed with the New Jersey action (see Orchard Hotel, LLC, 2012 NY Slip Op 50180[U], *10).
Moreover, the facts of each of the cases relied upon by plaintiff are distinguishable from those of the instant case. Wells Fargo Bank Minn. (4 AD3d 189) involved a New York action against the guarantors of a note and a mortgage foreclosure action against the borrower against property located outside of New York. Here, this action has been brought in New York against the borrower, as well as the guarantor, who, as the mortgagors, are both also defendants in the mortgage foreclosure action in New Jersey. In Federal Deposit Ins. Corp. (207 AD2d at 824), the action in New York was commenced to recover the deficiency remaining on a mortgage following a Massachusetts foreclosure sale. In that case, RPAPL 1301 was not applicable as the Massachusetts foreclosure had been concluded and was accorded full faith and credit in the New York action. Here, in contrast, there has not yet been an adjudication of the foreclosure action and plaintiff does not seek to recover a deficiency judgment, but, rather, seeks to recover the entire debt due under the notes. Of particular concern is the risk of inconsistent rulings regarding the sums due on the notes.
In Fielding (94 AD2d 687), the maker of notes, secured by property in Maryland, commenced an action in New York, contending that the notes he had executed were void as usurious and that the defendant’s attachment proceeding in Maryland constituted an abuse of process, and seeking an injunction against the Maryland action. Since an action to foreclose a mortgage on the Maryland property could only be maintained in Maryland, the Appellate Division, First Department, found that the trial court should not have granted the borrower’s motion for a preliminary injunction enjoining the lender from continuing the pending foreclosure action in Maryland. Here, in contrast, defendants do not seek to enjoin the pending foreclosure action in New Jersey, but seek to avoid the duplicative litigation in New York.
In Valley Natl. Bank (2011 NY Slip Op 50926 [U], *4) this court declined to stay the New York action against a guarantor in deference to the mortgage foreclosure action against the borrower in Pennsylvania because the borrower had filed for bankruptcy and the foreclosure action was therefore stayed, in prejudice to the plaintiff lender. Here, the mortgage foreclosure *250 action, which names both the borrower and the guarantor as defendants, is continuing in New Jersey, and, as noted, this action has been brought against both defendants on the same debt that is the subject of the mortgage foreclosure action in New Jersey.
As an alternative to relief under RPAPL 1301 (3), defendants seek dismissal of the instant action, pursuant to CPLR 3211 (a) (4), on the ground that another action is presently pending in New Jersey between the same parties based upon the same debt. CPLR 3211 (a) (4) provides that a dismissal of an action may be granted where “there is another action pending between the same parties for the same cause of action in a court of any state or the United States.” It further provides that “the court need not dismiss upon this ground but may make such order as justice requires” (CPLR 3211 [a] [4]).
“ ‘Where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending’ ” (Aurora Loan Servs., LLC, 132 AD3d at 788-789, quoting Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d 783, 784 [2d Dept 2013]; see also Whitney v Whitney, 57 NY2d 731, 732 [1982]; Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]; Montalvo v Air Dock Sys., 37 AD3d 567, 567 [2d Dept 2007]; Liebert v TIAA-CREF, 34 AD3d 756, 757 [2d Dept 2006]).
Substantial, not complete, identity of parties is all that is required to invoke CPLR 3211 (a) (4) (see White Light Prods. v On The Scene Prods., 231 AD2d 90, 93-94 [1st Dept 1997]; Barringer v Zgoda, 91 AD2d 811, 811 [3d Dept 1982]). The presence of additional parties, such as the tenants in the New Jersey action, does not defeat a motion pursuant to CPLR 3211 (a) (4) (see White Light Prods., 231 AD2d at 94).
“The critical element is that both suits arise out of the same subject matter or series of alleged wrongs” (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [2d Dept 2009] [internal quotation marks omitted]; see also Whitney, 57 NY2d at 732; Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]; Matter of Willnus, 101 AD3d 1036, 1037 [2d Dept 2012]; DAIJ, Inc. v Roth, 85 AD3d 959, 960 [2d Dept 2011]; White Light Prods., 231 AD2d at 94). It is not necessary that the precise legal *251 theories presented in the first action also be presented in the second action (see Matter of Schaller v Vacco, 241 AD2d 663, 663 [3d Dept 1997]). Rather, it is necessary only that the pleadings be based upon the same actionable wrong (see JC Mfg. v NPI Elec., 178 AD2d 505, 506 [2d Dept 1991]). Here, the complaint in this action and the complaint in the New Jersey action, which was commenced first, show that these two actions arise out of the same alleged actionable wrong—defendants’ failure to make payment on the notes—and that the two actions are substantially identical, but for the remedy of the sale of the real property. Moreover, the relief sought in the New Jersey action includes a judgment directing that plaintiff be paid the amount due on the mortgages, which paragraph 15 of the New Jersey complaint alleges is the amount owed under the notes and other documents executed in connection with the loans, including the outstanding principal, all unpaid and accrued interest, late charges, default interest, and attorneys’ fees and costs. Clearly the relief sought in the New Jersey action is substantially the same as the relief sought in this New York action (see White Light Prods., 231 AD2d at 94).
Thus, the court finds that CPLR 3211 (a) (4) is applicable to this action since it is undisputed that there is a pending mortgage foreclosure action by plaintiff on the same debt. Plaintiff has made its decision to foreclose on the mortgages and should not be permitted to commence a second simultaneous action attempting to recover the same debt before the New Jersey court has made a determination.
The cases upon which plaintiff relies, in arguing that CPLR 3211 (a) (4) does not provide a basis for dismissal of this action, are inapposite to the case at bar. In Marcus Dairy v Jacene Realty Corp. (193 AD2d 653, 653 [2d Dept 1993]), the guarantor of the payment of two promissory notes, which were issued by the borrower, a Connecticut corporation, and assigned to the plaintiff therein, had secured the guarantee with a mortgage on the subject property in Mount Vernon, Westchester County. After the plaintiff therein commenced an action to foreclose on the mortgage, alleging that the borrower had defaulted on the notes, the guarantor moved to dismiss the action, pursuant to CPLR 3211 (a) (4), based on the ground that another action was pending for the same relief since the plaintiff therein had previously commenced a pending action in Connecticut against the borrower to recover on the promissory note. The Appellate Division, Second Department, denied the guarantor’s motion to *252 dismiss on the ground of another action pending because the guarantor was not a party to the plaintiff’s Connecticut action against the borrower to recover on the promissory notes. The Appellate Court further noted that, although the guarantor’s liability was dependent on the borrower’s default on the notes, the relief sought in the mortgage foreclosure action was distinct from the recovery on the notes sought against the borrower in the Connecticut action as the relief of foreclosure was unavailable to the plaintiff in the Connecticut action since the mortgaged property was located in New York and, pursuant to CPLR 507, such an action for foreclosure affecting title to, or possession, use or enjoyment of, real property must be brought in the state and county in which the property was located. Here, in contrast, it is the action to recover on the notes and guaranty which has been separately commenced in this New York court, while the mortgage foreclosure action was commenced in New Jersey, seeking essentially the same recovery, and Donasia, the guarantor, is a party to both actions. Thus, complete relief is available to plaintiff in the New Jersey action.
Similarly distinguishable is Anglo Irish Bank Corp. Ltd. v Ashkenazy (28 Misc 3d 1222[A], 2010 NY Slip Op 51428[U], *1 [Sup Ct, NY County 2010]), in which a bank brought a breach of contract action in New York seeking a money judgment against the guarantors of a promissory note, secured by a mortgage on Florida real property owned by the borrower, and there was a simultaneous foreclosure action pending in Florida, in which the guarantors were also named defendants. However, dismissal of the breach of contract action was found not to be warranted on the basis of CPLR 3211 (a) (4) because, although the defendants were also named as parties in the action pending in Florida, the plaintiff sought no relief against them {id. at *4). Rather, the action was asserted solely against the borrower for the purpose of foreclosing on the mortgage on the Florida property. The Supreme Court, New York County, found that the action in Florida was not “between the same parties for the same cause of action,” as required by CPLR 3211 (a) (4). Here, in contrast, defendants, who both executed the mortgages, were both mortgagors and plaintiff seeks relief as against both of them in the New Jersey action.
Plaintiff argues that the relief sought in the New Jersey action is different from the relief it seeks in this action because the New Jersey action is an in rem proceeding in which it seeks *253 to foreclose on the mortgaged property and that it does not seek a monetary judgment against defendants in that action. It argues that here it seeks a monetary judgment against defendants for the amounts due under the notes and guaranty. Plaintiff cites to New Jersey Rules of Court rule 4:64-5, which governs the joinder of claims in foreclosure, and provides:
“Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees.”
Plaintiff argues that since a claim to recover on the notes or the guaranty is not a germane claim which could be brought in the New Jersey action, the claim in the New Jersey action cannot be the same as that brought in this action. This argument is unavailing. There is no dispute that the New Jersey action is not an action to recover on the notes or the guaranty. Nevertheless, plaintiff is seeking to recover the same debt based upon, and secured by, the same notes. To permit plaintiff to proceed simultaneously with both actions would result in duplicative litigation and a possible double recovery.
While the court finds that CPLR 3211 (a) (4) applies to this action, it need not dismiss an action pursuant to this section, but may, instead, grant a stay. Where there is a prior action pending in another state and there is a question as to whether the parties can be afforded full relief in that action, the preferred course is to stay the New York action, pending a final determination of such prior action (see Lawler v TropWorld Casino & Entertainment Resort, 238 AD2d 383, 383-384 [2d Dept 1997]; SafeCard Servs. v American Express Travel Related Servs. Co., 203 AD2d 65, 65-66 [1st Dept 1994]).
In New York, “a plaintiff in a foreclosure action may seek a deficiency judgment in the complaint, as incidental to the principal relief demanded” (Aurora Loan Servs., LLC, 88 AD3d at 930; RPAPL 1371). RPAPL 1371 (1) provides that
“[i]f a person who is liable to the plaintiff for the payment of the debt secured by the mortgage is made a defendant in the [mortgage foreclosure] ac *254 tion, and has appeared or has been personally served with the summons, the final judgment may award payment by him of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained in such judgment.”
RPAPL 1371 (2) permits “the party to whom such residue shall be owing [to] make a motion in the [mortgage foreclosure] action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or [its] attorney.”
Here, however, the mortgage foreclosure action is pending in New Jersey and the allegations of the complaint in the New Jersey action do not seek a deficiency judgment against defendants, although a declaration of total liability on the debt is sought. Plaintiff maintains that it cannot or will not seek a deficiency judgment in the New Jersey action. Thus, while the New Jersey action should resolve all issues between the parties, in the event that the mortgaged property, upon its foreclosure and sale (if a judgment of foreclosure and sale is granted by the New Jersey court), is insufficient to satisfy the judgment and plaintiff is unable to obtain a deficiency judgment against defendants sufficient to satisfy its judgment, the court shall stay this action in order to allow plaintiff to proceed against Yolanda on the notes and as against Donasia based upon the guaranty. Therefore, defendants’ motion is granted to the extent of staying the instant action until the completion of the New Jersey action (see Anron Air Sys., 202 AD2d 460; F.M.C. Constr., LLC v Heartland Dev. Corp., 12 Misc 3d 1165[A], 2006 NY Slip Op 51069[U], *2 [Sup Ct, Richmond County 2006]).
Conclusion
Accordingly, defendants’ motion is granted, pursuant to CPLR 3211 (a) (4), to the extent that this action is stayed, pending the conclusion of the New Jersey action.

. Remarkably, neither party has provided all of the instruments at issue for the court’s examination. The recitation of the relevant facts is based upon representations of counsel and the pleadings to the extent there is no dispute of consequence to this decision.

. Donasia has not submitted any affidavit contesting service.