Wells Fargo Bank, N.A. v Bajana (2024 NY Slip Op 03350)

Wells Fargo Bank, N.A. v Bajana

2024 NY Slip Op 03350

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 21568/11 Appeal No. 2520 Case No. 2023-05593 

[*1]Wells Fargo Bank, N.A. etc., Appellant,
v
Maximo Bajana, J., et al., Respondents.

Rosner Nocera & Ragone, LLP, New York (Peter Ragone of counsel), for appellant.
Cabanillas & Associates, P.C., White Plains (Noel P. O'Brien of counsel), for respondents.

Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered on or about March 29, 2021, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendants to recover $181,241.75 and $58,575.65 on a first and second promissory note, respectively, and dismissing all counterclaims against it, unanimously reversed, on the law, without costs, and plaintiff's motion granted.
Plaintiff commenced this action to recover monies due under two defaulted mortgage loans, as evinced by two separate promissory notes made by defendants in favor of plaintiff's predecessor in interest. Plaintiff established prima facie entitlement to summary judgment through proof of the promissory notes and defendants' nonpayment thereon pursuant to the terms of the notes (see United States v Pelletier, 2009 WL 800140, * 2, 2009 US Dist LEXIS 24317, *5-6 [MD Fla, Mar. 24, 2009, No. 8:08-cv-2224-T-33EAJ]; Northport Car Wash, Inc. v Northport Car Care, LLC, 52 AD3d 794, 794-795 [2d Dept 2008]). Defendants do not raise any arguments or issues of fact that would preclude summary judgment in plaintiff's favor.
As to the timeliness of plaintiff's appeal, a notice of appeal must be filed and served within 30 days after service by a party of the order and written notice of entry (see CPLR 5513[a]; 5515[1]; Avgush v Jerry Fontan, Inc., 167 AD3d 484, 484 [1st Dept 2018]). Plaintiff electronically served the order on appeal with notice of entry on May 17, 2023, via the New York State Courts Electronic Filing system (see 22 NYCRR 202.5—b[b]). Thus, its notice of appeal dated and entered on June 15, 2023 was timely.
The subject properties are located in Florida, thus defendants' reliance on New York law with respect to RPAPL 1301(3) and 1371 is unavailing (see Wells Fargo Bank Minn. v Cohn, 4 AD3d 189 [1st Dept 2004]; Fielding v Drew, 94 AD2d 687, 687 [1st Dept 1983]; Chemical Bank v Dana, 4 Fed Appx 1, 4 [2d Cir 2001], cert denied 535 US 928 [2002], citing Provident Sav. Bank & Trust Co. v Steinmetz, 270 NY 129, 132 [1936]).
Defendants' claimed factual issues are unavailing. Plaintiff provided sufficient documentary evidence to show that the mortgaged property was sold after the default and after a mortgage foreclosure action was commenced. Plaintiff submitted the affidavit of its vice president of loan documentation; the order granting plaintiff final summary judgment in foreclosure and stating that the first mortgaged premises would be sold at a public sale on August 27, 2010; and plaintiff's foreclosure counsel's September 22, 2010 memorandum to plaintiff enclosing two checks from the public sale of the first mortgaged premises on August 27, 2010. There is no dispute that the second mortgaged premises was never sold at a public auction.
Defendants' contention of "inconsistent amounts in controversy" is equally unavailing. Plaintiff has consistently sought to recover the total principal amount of $239,817.40 from defendants, consisting of[*2]$181,241.75 in principal under the first note and $58,575.65 in principal under the second note, in the complaint, the affidavit of its vice president of loan documentation, and the affirmation of plaintiff's counsel submitted in support of its motion for summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024