## Vaster Sub II, LLC v Safdieh

2024 NY Slip Op 33808(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 650265/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

--------------------------------------------------------------------X

VASTER SUB II, LLC

                               Plaintiff,

                  - v -

NORMA NICOLE SAFDIEH,

                             Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650265/2024 |
| **MOTION DATE** | 01/18/2024 |
| **MOTION SEQ. NO.** | [MS] 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for       SUMMARY JUDGMENT in LIEU OF COMPLAINT    .

    In this case arising from defendant's default on a business loan from plaintiff Vaster Sub II, LLC ("Vaster Sub" or "plaintiff"), plaintiff brings a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on defendant Norma Nicole Safdieh's personal guaranty of the loan. Defendant cross-moves to dismiss pursuant to CPLR 3211(a)(4) and RPAPL 1301 based on a currently-pending foreclosure action on the property in New Jersey. For the following reasons, both motions are denied.

## Background

    Plaintiff is "a Delaware limited liability company whose principal place of business is in Florida" with no offices in New York (NYSCEF # 4, Rivera Aff, ¶ 2). Defendant is the managing member and 99% owner of non-party 58 Ocean Avenue LLC ("58 Ocean"), a New Jersey limited liability company (NYSCEF # 21, Defense Counsel Aff, ¶¶ 6-8; NYSCEF # 8, Guaranty Agreement, at Recitals).[1]

    On August 12, 2022, non-party Vaster Loans LLC (Vaster Loans), plaintiff's affiliate, loaned $3.8 million to 58 Ocean ("the Loan") (*see* NYSCEF # 3, Pltf's MOL, at 2; NYSCEF # 4 ¶ 4). The purpose of the Loan was to buy and develop a piece of

---

[1] Defendant does not challenge jurisdiction. The court presumably has jurisdiction because defendant resides in New York City (*see* NYSCEF # 18, Aff of Service, ¶ 3 [serving defendant via USPS to an address in New York City]).

650265/2024  VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE
Motion No. 001

[* 1]

real estate in New Jersey located at 58 Ocean Avenue, Deal, NJ 07723 ("the Property") (*see* NYSCEF # 7, Affidavit of Business Purpose of Loan, ¶ 3).

*Loan Documents*

The Loan is governed by a series of documents including, among others, [i] a Promissory Note between Vaster Loans and 58 Ocean ("Promissory Note" or "Note") (NYSCEF # 5, Promissory Note); [ii] a Loan Agreement between Vaster Loans and 58 Ocean ("Loan Agreement") (NYSCEF # 6, Loan Agreement); [iii] a Guaranty Agreement by defendant in favor of Vaster Loans ("Guaranty Agreement" or "Guaranty") (NYSCEF # 8, Guaranty); and [iv] a Mortgage on the Property in favor of Vaster Loans ("Mortgage") (NYSCEF # 13, NJ Case Documents, at *19-*37 [Mortgage]). All four documents are governed by New Jersey law (*see* NYSCEF # 5 §§ 7[j], 7[k]; NYSCEF # 6 § 8.15; NYSCEF # 8 § 18; NYSCEF # 13 at *33, § 4.16). Plaintiff refers to these documents together as the Loan Documents, except for the Mortgage, which is treated separately (NYSCEF # 3 at 5).

Under the Note, 58 Ocean was to pay Vaster Loans interest each month on a fixed schedule beginning February 2023 and then repay the principal of the Loan and all unpaid interest on the Maturity Date in September 2023 (NYSCEF # 5 §§ 1, 4 [a] [i]). Failure to make these payments constitutes an Event of Default (*id.* § 6). Upon an Event of Default, all the principal and accrued unpaid interest, as well as any other "permitted charges," become "immediately due and payable without notice to or demand upon Borrower" (*id.*). The Note also mandated certain other charges, including post-judgment interest and a fee for fully repaying the Loan under any circumstance (*id.* §§ 3 [b], 4 [c]).

The Loan Agreement sets forth the terms of the Loan in more detail. For instance, the Loan Agreement includes several conditions to the Loan including "issuance" of title insurance, "delivery of an as-built survey . . . confirming that [the Property] is in compliance with all applicable ... requirements" upon Lender's request, and certain agreements from present leaseholders of the Property if any exist (NYSCEF # 6 at Article III, §§ 3.3, 3.5. 3.7). The Loan Agreement also contains certain covenants from 58 Ocean, including a covenant to use the Loan proceeds solely to purchase the Property or as otherwise allowed in the Loan Agreement, maintain insurance, keep books and record, manage or hire a management company for the Property, pay taxes for the Property, and more (*id.* at Article V).

The Loan Agreement and Note are secured by both the Mortgage and the Guaranty Agreement (*see* NYSCEF # 3 at 4). Per the Mortgage, 58 Ocean made additional covenants regarding the care, taxes, expenses, and more related to the Property (*see* NYSCEF # 13 at *22-*26, Article II).

Per the Guaranty, defendant "absolutely, irrevocably and unconditionally guarantee[d] . . . the payment and performance of the Obligations . . . as and when

650265/2024   VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE
Motion No.  001

Page 2 of 8

[* 2]

the same shall be due and payable" (NYSCEF # 8 § 1 [a]). As will be discussed below, "the Obligations" are not defined directly, but instead require reference to other documents.

### Ownership of the Loan

The Loan changed hands several times before falling into plaintiff's. At the time of the Loan, Vaster Loans simultaneously "assigned all of its right, title, and interest in and to the Loan Documents to [plaintiff]" (NYSCEF # 3 at 5-6, citing NYSCEF # 9, First Assignment of Loan Documents). Plaintiff later transferred the Loan to a third-party, and then finally on April 25, 2023 took back ownership (NYSCEF # 3 at 6, citing NYSCEF #s 10 & 12, Second and Third Assignments of Loan Documents).

### Loan Default and Subsequent Actions

There is no dispute that 58 Ocean failed to make timely payments of interest as required under the Loan Documents. And defendant, whose briefing dispenses with a facts section, does not dispute plaintiff's facts (*see* NYSCEF # 3 at 6; NYSCEF # 27, Def Opp, at 1). Thus, defendant accepts that 58 Ocean was in default and that plaintiff accelerated the debt on May 22, 2023, by bringing a foreclosure action in New Jersey against both 58 Ocean and defendant ("NJ Foreclosure Case" or "Foreclosure Case) (NYSCEF # 3 at 7; NYSCEF # 13 at 1 [NJ Foreclosure Complaint]). The parties later stipulated to dismiss without prejudice defendant from the Foreclosure Case (*see* NYSCEF # 26, NJ Stipulation of Dismissal). As of the date of the parties' final brief in this case, the NJ Foreclosure Case remains ongoing.

On January 18, 2024, plaintiff initiated this case against defendant via motion for summary judgment in lieu of complaint pursuant to CPLR 3213 (NYSCEF # 1). Plaintiff argues that the guaranty is a document for payment only, that 58 Ocean defaulted on the Loan, and that defendant is obligated to pay as the guarantor (*see generally* NYSCEF # 3). Plaintiff demands "$4,486,323.77 plus interest at the per diem amount of $1,688.88 between January 1, 2024 and the date judgment is entered, together with the costs and fees of [the] motion" (*id.* at 10).

Defendant cross-moves to dismiss pursuant to CPLR 3211(a)(4) and RPAPL 1301(3). Defendant argues that under New York law, the NJ Foreclosure Case cannot or should not be brought simultaneously with an action against a guarantor (NYSCEF # 27). While defendant is no longer a party to the NJ Foreclosure Case, defendant argues that plaintiff brought this case while she was still a defendant in New Jersey, and therefore CPLR 3211(a)(4) should apply (NYSCEF # 30, Def Reply at 2-5). Defendant further argues that maintaining this action would go against the fundamental purpose of RPAPL 1301 (*id.* at 5-7).

650265/2024  VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE                Page 3 of 8
Motion No. 001

3 of 8

[* 3]

## Discussion

### *Plaintiff's Summary Judgment in Lieu of Complaint*

A party may seek summary judgment in lieu of complaint pursuant to CPLR 3213 to recover an amount based on an "instrument for the payment of money only" (*Weissman v Sinorm Deli*, 88 NY2d 437, 443-444 [1996]). In particular, a party is entitled to relief if "a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*id.*). "But the remedy is not available where there are other issues and considerations presented by the writing," such as where "the liabilities and obligations can only be ascertained by resort to evidence outside the instrument, or if more than simple proof of nonpayment or a de minimis deviation from the face of the document is involved (*Kerin v Kaufman*, 296 AD2d 336, 337 [1st Dept 2002] [denying summary judgment in lieu of complaint]).

Here, although defendant does not challenge any of the underlying facts, plaintiff's motion nevertheless fails for a variety of reasons. Chief among them: the Guaranty is not an instrument for the payment of money only. While "[i]t is true that generally, an unconditional guaranty qualifies as an instrument amenable to CPLR 3213 treatment," the documents here "guarantee not only 'payment' but also 'performance' of the borrower's obligations" (*PDL Biopharma, Inc. v Wohlstadter*, 147 AD3d 494, 495 [1st Dept 2017]).

Per the Guaranty, defendant "absolutely, irrevocably and unconditionally guarantee[d] . . . the payment *and performance* of the Obligations . . . as and when the same shall be due and payable" (NYSCEF # 8 § 1 [a] [emphasis added]). Notably, the Guaranty does not directly define "the Obligations," but instead states that "[c]apitalized terms not otherwise defined herein shall have the meanings given to such terms in the Loan Agreement" (*id.* at Recitals). The Loan Agreement in turn defines "the Obligations" as having "the meaning set forth in the [M]ortgage" (NYSCEF # 6 at 3). Finally, the Mortgage defines "the Obligations" as:

> "the obligations under the Note, and any extensions and renewals of the same, and further . . . the *performance of the covenants, conditions, and agreements* hereinafter set forth and set forth in the Loan Documents, and to secure all other indebtedness of every description of Borrower to Lender in connection with the Loan, including, without limitation, all Future Advances (as defined in Section 4.1) that may subsequently be made to Borrower by Lender, evidenced by any other promissory notes, and all renewals and extensions thereof, and all charges and expenses of collection incurred by Lender, including, without limitation, court costs, and reasonable attorney's fees"

650265/2024  VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE
Motion No. 001

Page 4 of 8

(NYSCEF # 13 at *19 [emphasis added]). Thus, "the Obligations" refer to the various covenants set forth in the loan documents.

This definition compels the first reason to deny the motion: it is unclear what documents are included in the definition of "Loan Documents," and by extension, what may properly be considered an "Obligation" under the Guaranty. The Mortgage states that the term "Loan Documents" is "defined below" (NYSCEF # 13 at *19, Granting Clauses]). However, because the Mortgage does not contain a dedicated definitions section, and because plaintiff did not file a searchable PDF or provide a pincite, that promised definition remains elusive (*see* NYSCEF # 13 at *19; *see also* Part Rule II.B. ["All e-filed documents must be text-searchable"]). While plaintiff's brief defines Loan Documents as "the Note, the Loan Agreement, and the Guaranty" (NYSCEF # 3 at 5), this says nothing about how the Mortgage itself defines the term. This alone requires denial of the motion because it is not clear what documents—and therefore what Obligations—are being guaranteed.

Assuming the Loan Documents include the Loan Agreement, Note, Mortgage, and Guaranty, the covenants making up "the Obligations" require performance beyond the mere payment of money. For instance, those covenants include a covenant "[t]o procure, deliver to Lender, and maintain in effect at all times while Borrower is indebted to Lender" various types of insurance for the Property or construction thereupon (NYSCEF # 6 § 5.5); maintenance of books and records and production of such records if demanded by plaintiff (*id.* § 5.8); and even maintaining the Property "in compliance with all applicable laws and regulations, including zoning, building codes and the Americans with Disabilities Act and regulations thereunder" (*id.* § 5.1). And those are just the covenants from the Loan Agreement. There are further terms from both the Mortgage and the Note that place additional obligations on 58 Ocean, and by extension, defendant.

While plaintiff may ultimately establish that "[s]uch provision[s] do[] not require additional performance by plaintiff as a condition precedent to payment, or otherwise make defendant's promise to pay something other than unconditional" (*Stevens v Phlo Corp.*, 288 AD2d 56 [1st Dept 2001]), at this stage it is not clear from the face of the Guaranty that it is an instrument for the payment of money only (*iPayment, Inc. v Silverman*, 192 AD3d 586, 587 [1st Dept 2021] ["(A) guarantee of both payment and performance does not qualify as an instrument for the payment of money only under CPLR 3213"]; *Punch Fashion, LLC v Merchant Factors Corp.*, 180 AD3d 520, 521 [1st Dept 2020] [same]; *see also Manhattan Real Estate Fund, LP v Paz*, — Misc 3d —, 2024 NY Slip Op 32017[U], *3 [Sup Ct, NY County 2024] [denying summary judgment in lieu of complaint where "Guaranteed Obligations" included "maintenance of all insurance (and timely payment of all premiums thereon)"]).

The motion also fails because it requires significant reference to extrinsic evidence. An instrument does not qualify for CPLR 3213 treatment "if outside proof

650265/2024 VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE Page 5 of 8
Motion No. 001

[* 5] 5 of 8

is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*id.; see Maglich v Saxe, Bacon & Bolan, P.C.*, 97 AD2d 19, 21 [1st Dept 1983] ["(w)here proof outside the instrument is necessary to establish the underlying obligation, the CPLR 3213 procedure does not apply"]). Outside evidence that can be considered a "de minimis deviation" includes readily ascertainable interest rate (*Weissman*, 88 NY2d at 444), a line of credit statement (*Counsel Fin. II LLC v Bortnick*, 214 AD3d 1388, 1390 [4th Dept 2023]), or other "simple, readily verified fact, confirmed by documentary evidence in the record" (*Nimble Ventures, LLC v Graves*, 192 AD3d 514, 516 [1st Dept 2021]). In contrast, summary judgment in lieu of complaint is not available where a note "referred to other documents with regard to events of default" (*Matter of Estate of Peck*, 191 AD3d 537 [1st Dept 2021]), or where the court must construe extrinsic documents to determine the "preliminary legal issue" of whether the relevant documents are even currently effective (*see PDL*, 147 AD3d at 496).

As just shown, the scope of the Guaranty's "Obligations" without significant reference to other documents in not de minimis. The definition of "Obligations" alone requires cross-referencing not one, but two separate documents (the Loan Agreement and the Mortgage). The actual *content* of those Obligations cannot be understood without a close reading of the terms of at least *three* documents (the Loan Agreement, Mortgage, and Note). While plaintiff filed these documents as proof of the underlying Loan, plaintiff is moving on defendant's Guaranty, and so all these other documents are extrinsic (*see e.g., PDL*, 147 AD3d at 496 [denying summary judgment in lieu of complaint where reference to and construction of other related agreements was necessary to understand obligations]). Excursions to the terms of these agreements are more than de minimis, and therefore out of bounds for CPLR 3213 treatment (*id.*).

Plaintiff's motion for summary judgment in lieu of complaint is denied.

## Defendant's Cross Motion to Dismiss

CPLR 3211(a)(4) allows a party to move for dismissal where there is "another pending action between the same parties for the same cause of action" in another state or federal court (CPLR 3211 [a] [4]). To warrant dismissal under this provision, "the two actions must be sufficiently similar and the relief sought must be the same or substantially the same" (*Montalvo v Air Dock Sys.*, 37 AD3d 567, 567 [2d Dept 2007] [internal citations and quotations omitted]; *see also Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]). There must also at least be a "substantial identity of parties 'which generally is present when at least one plaintiff and one defendant is common in each action' " (*JPMorgan Chase Bank, N.A. v Luxama*, 172

[* 6]

AD3d 1341, 1342 [2d Dept 2019], citing *Morgulus v J. Yudell Realty*, 161 AD2d 211, 213 [1st Dept 1990]). Moreover, the determination of whether to dismiss based on another action pending is subject to the court's broad discretion (*Whitney v Whitney*, 57 NY2d 731,732 [1982]).

Defendant cannot benefit from CPLR 3211(a)(4). As an initial matter, dismissal under that provision is not mandatory, but is based on the court's discretion (*id.* at 732). While defendant is correct that she was a defendant in the NJ Foreclosure case *when this case was first filed*, she is not a litigant there now. There is therefore no "substantial identity of the parties." Plaintiff provides no case law explaining why this court should nevertheless find substantial identity, such as a case allowing the court to pierce the corporate veil in these circumstances. The motion is thus denied.

Defendant's references to RPAPL 1301(3) do not save the motion. RPAPL 1301(3) prohibits mortgage lenders from pursuing both foreclosure actions and actions to recover mortgage debt at the same time without specific permission from the court in whichever action came first (*see* RPAPL 1301[3]). Defendant argues that because the NJ Foreclosure Case remains pending, plaintiff cannot bring this action. [2] But RPAPL 1301(3) "does not apply where, as here, the property securing the loan is located outside of New York State" (*Wells Fargo Bank Minnesota, N.A. v Cohn*, 4 AD3d 189 [1st Dept 2004]). Defendant's reliance on *WellsFargo Bank, N.A. v Pena*, 51 Misc 3d 241 [Sup Ct, Kings County 2016] is unavailing, as the First Department recently confirmed that *Cohn* remains good law (*see Wells Fargo Bank, N.A. v Bajana*, 228 AD3d 526, 527 [1st Dept 2024] [finding RPAPL § 1301(3) inapplicable where "the subject properties (were) located in Florida"]; *see also WPC BillBd. Lender LLC v Bartkowski*, — Misc 3d — 2024 NY Slip Op 32526[U] **3 [Sup Ct, NY County] [citing *Bajana* to rule RPAPL 1301(3) does not apply to out-of-state properties]).

Defendant's cross motion to dismiss is denied.

## Conclusion

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment in lieu of complaint is denied; and it is further

---

[2] The court does not reach plaintiff's additional argument regarding whether these defenses were waived under the Guaranty.

650265/2024  VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE                Page 7 of 8
Motion No.  001

[* 7]

ORDERED that defendant's cross-motion to dismiss is denied; and it is further

ORDERED that this proceeding is converted into a plenary action; and it is further

ORDERED that plaintiff shall efile a formal complaint within 20 days of entry of this order; and it is further

ORDERED that defendants shall answer or otherwise respond to the complaint within 20 days of efiling of the formal complaint; and it is further

ORDERED that the parties shall serve a copy of this Decision and Order with notice of entry on the Clerk of the Court in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page and on the court's website at the address www.nycourts.gov/supctmanh).

| 10/23/2024 | | MARGARET A. CHAN, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

650265/2024 VASTER SUB II, LLC vs. SAFDIEH, NORMA NICOLE
Motion No. 001

Page 8 of 8

8 of 8