■ JACK H. LEHMAN, Respondent, v ROSEANNE INVESTORS CORP. et al., Appellants. — In an action to recover the balance due on a note executed by defendant Roseanne Investors Corp. and guaranteed by defendants Baird and Longi, defendants appeal from a judgment of the Supreme Court, Nassau County (Harwood, J.), entered July 27, 1982, which, after a nonjury trial, was in favor of plaintiff in the sum of $32,945, with interest at the rate of 12% per annum.

Judgment affirmed, with costs.

On April 17, 1974, plaintiff loaned Roseanne Investors Corp. $40,000. Roseanne executed a promissory note in that amount, which was guaranteed by the individual defendant and made payable to plaintiff in full in three months with interest at the rate of 12% per annum. As collateral security for repayment of the note, defendants gave plaintiff a subordinate mortgage on certain real property situated in Suffolk County, New York. At the time the note and mortgage were executed, the defendants also signed a letter agreement in which they acknowledged that in consideration of the $40,000 loan, they would pay plaintiff a bonus of 5% ($2,000) in addition to the obligation to pay interest. The parties further agreed that if defendants could not repay the mortgage in three months, the principal would become due but that plaintiff would extend payment for an additional nine months upon payment of a second 5% bonus and the execution of a new note.

By April 10, 1975, defendants had repaid only $7,500 on account of principal and $4,305 on account of interest and, in or about June, 1975, plaintiff commenced an action to foreclose the mortgage. Shortly thereafter, however, the subject property was sold at a tax sale and plaintiff's lien was thereby destroyed.

In August, 1978, plaintiff commenced the instant action to recover the balance due on the note. After plaintiff moved for summary judgment, defendants cross-moved for summary judgment dismissing the complaint on the grounds that the loan was usurious and that plaintiff was barred from bringing this action on the note because he had not first obtained leave pursuant to RPAPL 1301 (subd 3).

By order dated June 10, 1981, the court (Velsor, J.) denied both the motion and the cross motion, finding that issues of fact existed as to whether the parties had a usurious intent and that the foreclosure action was moot by reason of the tax sale. Following a nonjury trial, plaintiff was awarded judgment for the balance due on the note plus interest.

The judgment should be affirmed. Although RPAPL 1301 (subd 3) requires a plaintiff to obtain leave of court to maintain an action to recover the mortgage debt during the pendency of a foreclosure proceeding (see *Boyd v Jarvis,* 74 AD2d 937; *Stein v Blatte,* 118 Misc 2d 633), Special Term properly concluded that it was not necessary for plaintiff to obtain leave under the circumstances of this case. There was nothing further plaintiff could have done in the foreclosure action to obtain satisfaction of the mortgage debt once his security was destroyed by reason of the tax sale of the subject property. His only recourse after the sale was to bring this action on the note. Since the foreclosure action was moot and there was no possibility of a double recovery, there was no reason to require plaintiff to seek permission to institute this action.

Moreover, the record amply supports the court's determination that the loan in issue was not usurious. We note initially that there is a strong presumption against the finding of usurious intent and that a loan is not usurious merely because there is a possibility that the lender will receive more than the legal rate of interest (*Hartley v Eagle Ins. Co.,* 222 NY 178, 184; *Cusick v Ifshin,* 70 Misc 2d 564, affd 73 Misc 2d 127). The letter agreement dated April 17, 1974 reveals that the parties intended to extend the loan for an additional nine months, at defendants' option, if defendants were unable to satisfy it in three months. The parties' conduct also indicates that both plaintiff and defendants considered the loan to be for a term of one year. After the note became due on July 17, 1974, defendants continued to make payments on account of principal and interest which the plaintiff accepted without protest and plaintiff did not institute foreclosure proceedings until more than one year after the loan was made. Since the parties clearly intended the loan to be for a one-year term and the rate of interest

payable thereon was less than the 25% permitted by law to be charged a corporate borrower (General Obligations Law, § 5-521, subd 3; Penal Law, § 190.40), the loan was not usurious. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.