■ EUROPEAN AMERICAN BANK, Formerly Known as EUROPEAN AMERICAN BANK & TRUST COMPANY, Respondent, v PERSPECTIVE DEVELOPMENT CORPORATION et al., Appellants, et al., Defendants. [633 NYS2d 341] —In an action to foreclose a mortgage, the defendants Perspective Development Corporation, Carlo Sanchez, and Biagio Buccieri appeal from (1) an or-

der of the Supreme Court, Westchester County (Donovan, J.), entered July 29, 1994, which denied their motion, *inter alia,* to vacate so much of a prior order of the same court, entered March 21, 1994, as granted the plaintiff's cross motion to, in effect, convert the judgment of foreclosure and sale entered February 24, 1993, into a money judgment; and (2) an amended judgment of the same court entered March 8, 1995, upon the order entered July 29, 1994, and the order entered March 21, 1994.

Ordered that the appeal from the order entered July 29, 1994, is dismissed; and it is further,

Ordered that the amended judgment is reversed, on the law, the order entered July 29, 1994, is vacated; the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for re-entry of the original judgment of foreclosure and sale as of its original date of entry; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order entered July 29, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment *(see,* CPLR 5501 [a] [1]).

When the foreclosure action was rendered moot and the security of the mortgage was destroyed by reason of the New Rochelle in rem tax foreclosure judgment and deed, the only recourse available to the plaintiff was to bring an action in law to recover on the note. Thus, it was error to have granted the plaintiff's cross motion and to have permitted entry of an amended judgment "converting" the original judgment of foreclosure and sale into a judgment against the appellants *(see generally, Boyd v Jarvis,* 74 AD2d 937; *Irving Trust Co. v Seltzer,* 265 App Div 696; *see also, Lehman v Roseanne Investors Corp.,* 106 AD2d 617). Therefore, the Supreme Court should have granted the appellants' motion. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.