VALLEY SAVINGS BANK, Appellant, v WILLIAM H. ROSE et al., Defendants, and DORIS L. SASSOWER, P. C., Respondent. [646 NYS2d 349]

The plaintiff Valley Savings Bank (hereinafter the Bank) holds a $300,000 promissory note and mortgage on a parcel of real property owned by the defendants William H. Rose and Marci P. Rose as security for a line of credit utilized by a corporate entity, Rosewall, Inc., owned by the Roses. In or about 1990, the Roses commenced an action against the Bank in New Jersey, and the Bank counterclaimed to recover money loaned to Rosewall, Inc., and guaranteed by the Roses. In this New Jersey action, the Bank was awarded judgment in an amount in excess of $714,000, which included money which was the subject of the aforementioned $300,000 note and mortgage. The Bank entered this judgment in New York on April 16, 1993. On April 20, 1993, the Roses filed a joint petition under 1978 Bankruptcy Code chapter 7. On May 21, 1993, the United States Bankruptcy Court, Southern District of New York, modified an automatic stay so as to permit the Bank to commence the instant action to foreclose upon the subject property. It is uncontroverted that the Roses received a discharge in their bankruptcy case, thereby voiding the Bank's prior judgment and operating as an injunction against the commencement or continuation of any action to collect on the judgment (see, 1978 Bankruptcy Code [11 USC] § 524 [a] [1], [2]).

The Bank did not attempt to execute against the Roses' property upon the judgment prior to commencing this foreclosure action in October 1993. Consequently, after the Bank moved for summary judgment, the Supreme Court determined that pursuant to RPAPL 1301, the final judgment in the New Jersey action "constituted an election of remedies precluding this

foreclosure action". We hold that under the unique circumstances of this case, the Bank's failure to comply with RPAPL 1301 (1) does not mandate dismissal.

RPAPL 1301 (1) provides as follows: "Where a final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied".

This statute is the embodiment of the equitable principle that once a remedy at law has been resorted to, it must be exercised to exhaustion before a remedy in equity, such as foreclosure, may be sought (*see, Goddard v Johnson,* 96 Misc 2d 230, 231; 14 Carmody-Wait 2d, NY Prac § 92:29, at 653). The purpose of RPAPL 1301 "is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action" (*Dollar Dry Dock Bank v Piping Rock Bldrs.,* 181 AD2d 709, 710). Moreover, this statute is to be "strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (*Dollar Dry Dock Bank v Piping Rock Bldrs., supra,* at 710).

Construing RPAPL 1301 (1) in this manner and mindful that an action to foreclose upon a mortgage is an action in equity (*see, Jamaica Sav. Bank v M.S. Investing Co.,* 274 NY 215, 219), we conclude that the Bank's failure to attempt to execute against the Roses' property upon the judgment does not preclude it from maintaining this foreclosure action. Indeed, under the unique circumstances presented in this case, equitable concerns militate against a mechanistic application of RPAPL 1301 (1).

To this end, it is notable that the Bank did not *elect* to mount a plenary action in New Jersey to recover the money underlying the subject mortgage debt. To the contrary, it was named as a defendant in the New Jersey action and it was thus obliged to raise its claims therein in accordance with the "entire controversy" doctrine of New Jersey common law (*see, Busch v Biggs,* 264 NJ Super 385, 396, 624 A2d 1017). In addition, any attempt to execute against the Roses' property prior to commencing this foreclosure action would have constituted a futile act in light of the Roses' bankruptcy filing and the resultant

automatic stay (*see*, 1978 Bankruptcy Code [11 USC] § 362 [a] [2]). Most importantly, after the Bank commenced this foreclosure action, the Roses received a discharge in bankruptcy. As such, the subject judgment has been voided (*see*, 1978 Bankruptcy Code [11 USC] § 524 [a] [1]), and the Bank is forever enjoined from executing thereon (*see*, 1978 Bankruptcy Code [11 USC] § 524 [a] [2]). Therefore, were the Bank precluded from maintaining this foreclosure action by operation of RPAPL 1301, it would be unable to conform with that statute so as to then commence a second foreclosure action on the mortgaged property. Moreover, in light of the discharge in bankruptcy and the consequent voiding of the judgment, there is no possibility of duplicative litigation based upon the same mortgage debt. Indeed, at this juncture it can be stated with certitude that the remedy at law afforded the Bank by virtue of the subject judgment has been exhausted, thereby freeing the Bank to now seek a remedy in equity, by foreclosure. Accordingly, the principles undergirding the enactment of RPAPL 1301 are not disserved by permitting the Bank to maintain this foreclosure action (*see generally*, *Anron Air Sys. v Columbia Sussex Corp.*, 202 AD2d 460, 462; *Dollar Dry Dock Bank v Piping Rock Bldrs.*, *supra*; *ABI Asset Partners L.P.IX v 350 Assocs.*, Sup Ct, NY County, July 7, 1995, Cahn, J., Index No. 127957/94; *Citibank [Mid-Hudson] v Rohdie*, 82 Misc 2d 372).

Since there exists no triable issue of fact with reference to the foreclosure of the mortgage, the Bank is entitled to summary judgment (*see generally*, *Village Bank v Wild Oaks Holding*, 196 AD2d 812).

The Bank also moved for summary judgment against Doris Sassower, P. C., seeking dismissal of her counterclaims. However, there are questions of fact with reference to those counterclaims, and summary judgment against Doris Sassower, P. C., is therefore not warranted. Since the issues involved in the counterclaims are wholly dissimilar and separable from the Bank's foreclosure action, the foreclosure action should have been severed by the Supreme Court and summary judgment granted to the Bank in that action only (*see*, CPLR 3212 [e] [1]; *see generally*, *Northeast Sav., F. A. v Rodriguez*, 159 AD2d 820). Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.