■ BANK OF NEW YORK, as Successor to SCARSDALE NATIONAL BANK AND TRUST COMPANY, Appellant, v MIDLAND AVENUE DEVELOPMENT CO., Also Known as MIDLAND AVENUE DEVELOPMENT COMPANY, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [669 NYS2d 622] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 9, 1997, as denied its motion for leave to file and serve a second amended verified complaint, and (2) so much of an order of the same court, dated April 11, 1997, as (a) upon, in effect, granting reargument, adhered to the original determination and (b) granted the defendants' cross motion to dismiss the action in its entirety.

Ordered that the appeal from the order entered January 9, 1997, is dismissed, as that order was superseded by the order dated April 11, 1997, made upon reargument; and it is further,

Ordered that the order dated April 11, 1997, is reversed insofar as appealed from, on the law, the plaintiff's motion for leave to file and serve a second amended verified complaint is granted, and the defendants' cross motion to dismiss the action is denied; and it is further,

Ordered that the plaintiff's time to file and serve a second amended verified complaint is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In May 1990, the plaintiff commenced this action against Midland Avenue Development Co. (hereinafter Midland) and certain of its partners. The first cause of action sought a judgment of foreclosure and sale on what remained of certain mortgaged premises (a portion of which had been sold with the plaintiff's permission). The second cause of action sought to recover on the guarantees of three of the alleged partners. In

May 1994, the plaintiff filed an amended complaint naming eight additional alleged partners of Midland as defendants.

On December 9, 1994, the City of Rye commenced an action to foreclose on a tax lien on the subject property. On May 20, 1996, a deed was issued to the City of Rye as the fee owner of the mortgaged premises, effectively extinguishing the plaintiff's lien.

On June 19, 1996, the plaintiff moved to file and serve a second amended verified complaint wherein it abandoned its first cause of action for foreclosure and sale and sought instead judgment on the underlying note. The plaintiff continued to assert its claim on the guarantees. In the order at issue on this appeal, the Supreme Court, upon reargument, *inter alia,* adhered to its prior determination denying the plaintiff's motion to file and serve a second amended verified complaint and granted the defendants'. cross motion to dismiss the action. The court held, *inter alia,* that the tax lien foreclosure had "extinguished" the plaintiff's foreclosure action, and thus that the plaintiff's sole recourse would be to file a new and separate action on the note. However, the court noted, such a new action would be barred by the relevant six-year Statute of Limitations (*see,* CPLR 213 [4]). The court further noted that because the plaintiff's entire foreclosure action had been "extinguished" by the tax lien foreclosure, the plaintiff's claim for foreclosure was not one to which the claim in the proposed second amended verified complaint for judgment on the note could "relate back" within the meaning of CPLR 203.

In *European Am. Bank v Perspective Dev. Corp.* (220 AD2d 717, 718), this Court held that once a tax lien foreclosure of the subject property had "moot[ed]" the plaintiff-mortgagee's lien in a pending foreclosure action, the plaintiff's proper course was to commence an action at law on the underlying note (*see also, Lehman v Roseanne Investors Corp.,* 106 AD2d 617). Here, we find no controlling significance to the fact that the plaintiff sought such relief by leave to amend its complaint, rather than by commencement of a new action (*see, Levy v Jones,* 269 App Div 295). Because there is no prejudice or surprise to the defendants, such leave should have been granted (*see,* CPLR 3025). Indeed, although the plaintiff's mortgage lien was extinguished by the tax lien foreclosure, its foreclosure action was not (*see, Stein v Blatte,* 118 Misc 2d 633; *Culliford v Weingrad,* 196 Misc 86, *affd* 275 App Div 954; *cf., Frank v Davis,* 135 NY 275; *Levy v Jones, supra; McRae v Hummel,* 250 App Div 873; *Weisel v Hagdahl Realty Corp.,* 241 App Div 314). Thus, the allegations in the amended complaint, which gave

notice of the transactions and occurrences giving rise to the plaintiff's claim on the note, and which were timely interposed, were viable for purposes of the "relation back" doctrine of CPLR 203 (f). Thus, the second amended verified complaint was not untimely. Indeed, we note, even assuming, arguendo, that the tax lien foreclosure had "terminated" the plaintiff's foreclosure action for all purposes, the second amended verified complaint would have been timely had it been filed as a new action at the time that the plaintiff made its motion for leave to amend (*see,* CPLR 205 [a]). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur. *[See,* 171 Misc 2d 711.]