■ JEROME MCSORLEY, Appellant, v KAY L. SPEAR, Respondent. [789 NYS2d 52]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered June 12, 2003, as denied that branch of his motion which was to amend a judgment of the same court entered May 6, 2003, to provide that he is not precluded from commencing a separate action on the promissory note.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to amend the judgment to provide that the plaintiff is not precluded from commencing a separate action on the promissory note is granted.

The defendant purchased the plaintiff's interest in a parcel of

real property and executed a promissory note and mortgage. The plaintiff commenced this action to foreclose the mortgage, alleging that the defendant was in default. At the trial, however, the plaintiff only attempted to obtain a money judgment based upon the note and failed, inter alia, to introduce evidence of the mortgage. The defendant's motion to dismiss the complaint on the ground that the plaintiff did not seek leave of court prior to commencing an action on the note as is required pursuant to RPAPL 1301 (3) was granted, and judgment was entered dismissing the action. The plaintiff then moved to amend the judgment to provide, inter alia, that he is not precluded from commencing a separate action on the note. The Supreme Court denied that branch of the plaintiff's motion concluding, inter alia, that he had no further action on the note. This was error.

This foreclosure action resulted in a judgment in the defendant's favor dismissing the complaint, thereby precluding the plaintiff from commencing another action to foreclose the mortgage. However, since the foreclosure action is no longer pending and did not result in a judgment in the plaintiff's favor, the plaintiff is not precluded from commencing a separate action on the note (*see* RPAPL 1301 [3]; *Bank of N.Y. v Midland Ave. Dev. Co.,* 248 AD2d 342 [1998]; *Lehman v Roseanne Invs. Corp.,* 106 AD2d 617 [1984]). Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.