■ NC Venture I, L.P., Respondent, v Complete Analysis, Inc., Defendant, and Joseph E. Fiegoli et al., Appellants. [851 NYS2d 888]—

Contrary to the appellants' contention, the plaintiff was not required, pursuant to RPAPL 1301 (3), to obtain leave of court prior to commencing this action to recover on the promissory note. At the time this action was commenced, the plaintiff's action to foreclose the mortgage had been dismissed and no judgment in favor of the plaintiff was entered in that action.

This Court reversed the order dismissing the action to foreclose the mortgage, and the complaint in that action was reinstated (*see NC Venture I, L.P. v Complete Analysis, Inc.*, 22 AD3d 540 [2005]). Allowing the plaintiff to pursue this action on the note is not inconsistent with the purpose of RPAPL 1301 (3), which is to protect the mortgagor from inappropriate, duplicative litigation to recover the same debt (*see Central Trust Co. v Dann*, 85 NY2d 767, 772 [1995]). The property which was the subject of the mortgage foreclosure action has been sold at a tax sale (*see Lehman v Roseanne Invs. Corp.*, 106 AD2d 617, 618 [1984]).

The plaintiff met its initial burden of establishing its prima facie entitlement to summary judgment in this action to recover on the promissory note and the appellants failed to meet their burden of coming forward with evidentiary proof demonstrating the existence of a triable issue of fact (*see European Am. Bank v Syosset Autorama*, 204 AD2d 266 [1994]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.