■ HOMETOWN BANK OF HUDSON VALLEY, Formerly Known as WALDEN FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v PAUL E. COLUCCI, Respondent. [7 NYS3d 291]—

In an action to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated July 30, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

In 2006, the plaintiff, Hometown Bank of the Hudson Valley, formerly known as Walden Federal Savings and Loan Association (hereinafter the Bank), agreed to provide nonparty TJMJR Developers, LLC (hereinafter the borrower), with financing in connection with the borrower's development of a residential subdivision in Shawangunk, New York. The total sum financed

was structured into three separate loans: (1) a construction loan in the sum of $1,420,000, (2) a line-of-credit loan in the sum of $1,285,119, and (3) a revolving credit loan in the sum of $794,881, which was ultimately increased to the sum of $829,881. In January 2007, the defendant executed a personal guaranty with respect to the revolving credit loan. In February 2007, the borrower executed three separate notes and mortgages with respect to each of the loans.

After the borrower defaulted on the loans in April 2009, the Bank commenced an action to foreclose on the mortgages against, among others, the defendant. Pursuant to a stipulation, that action was discontinued, "without prejudice," against the defendant. The Bank then filed a supplemental summons and amended verified complaint, seeking to foreclose on only the construction loan and line-of-credit loan. To settle the action, the Bank accepted a deed in lieu of foreclosure to the property which was the subject of the loans.

Thereafter, the Bank commenced an action against the defendant to recover on the guaranty executed by him. The defendant moved for summary judgment dismissing the complaint. In an order dated July 30, 2013, the Supreme Court granted the defendant's motion. The Bank appeals, and we reverse.

Contrary to the Supreme Court's determination, the instant action was not barred by RPAPL 1301 (3). Pursuant to RPAPL 1301, " '[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies' " (*Aurora Loan Servs., LLC v Lopa*, 88 AD3d 929, 930 [2011], quoting *Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]). "The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt" (*Aurora Loan Servs., LLC v Lopa*, 88 AD3d at 930). Courts have recognized that "this statute is to be 'strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time' " (*Valley Sav. Bank v Rose*, 228 AD2d 666, 667 [1996], quoting *Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710 [1992]). RPAPL 1301 (3) provides that *"[w]hile [an] action is pending or after final judgment for the plaintiff therein*, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought" (emphasis added). However, where a "foreclosure action is no longer pending and did not result in a judgment in the plaintiff's favor, the plaintiff is not

precluded from commencing a separate action" without leave of the court (*McSorley v Spear*, 13 AD3d 495, 496 [2004]). Here, the prior foreclosure action was settled and discontinued, without the entry of any judgment. Since the foreclosure action was not pending at the time the Bank commenced the instant action to recover on the guaranty and no judgment was entered for the Bank, RPAPL 1301 (3), which must be strictly construed (*see Valley Sav. Bank v Rose*, 228 AD2d at 667), is not applicable (*see McSorley v Spear*, 13 AD3d at 496; *Credit-Based Asset Servicing & Securitization v Grimmer*, 299 AD2d 887 [2002]).

Furthermore, contrary to the Supreme Court's determination, the instant action was not barred by RPAPL 1371 (3). RPAPL 1371 (3) provides that "[i]f no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." However, that provision has no applicability where, as here, no foreclosure sale was conducted (*see Federal Deposit Ins. Corp. v 1873 W. Ave. Corp.*, 225 AD2d 893, 895 [1996]; *cf. TBS Enters. v Grobe*, 114 AD2d 445 [1985]).

Consequently, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint based on the discontinued foreclosure action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In light of the defendant's failure to meet his prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.