■ OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Respondent, v JOHN CONLIN, Appellant, et al., Defendant. [13 NYS3d 99]—

In an action to recover on a promissory note, the defendant John Conlin appeals from (1) an order of the Supreme Court, Nassau County (Janowitz, J.), dated November 26, 2013, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and (2) a judgment of the same court entered February 28, 2014, which, upon the order dated November 26, 2013, and upon an order of the same court dated March 27, 2013, denying that branch of the defendants' motion pursuant to CPLR 3211 (a) and RPAPL 1301 which was to dismiss the complaint insofar as asserted against him, is in favor of the plaintiff and against him in the principal sum of $281,246.87.

Ordered that the appeal from the order dated November 26, 2013, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated November 26, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

RPAPL 1301 (3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action

shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of this statute is to protect the mortgagor "from the expense and annoyance" of simultaneously defending against two independent actions to recover the same mortgage debt (*Central Trust Co. v Dann*, 85 NY2d 767, 772 [1995] [internal quotation marks omitted]; *see Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700 [2015]; *NC Venture I, L.P. v Complete Analysis, Inc.*, 49 AD3d 514, 515 [2008]). Courts have recognized that this statute "should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (*Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710 [1992]; *see Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700 [2015]; *Valley Sav. Bank v Rose*, 228 AD2d 666, 667 [1996]).

Under the circumstances of this case, the Supreme Court properly determined that the defendant John Conlin was not entitled to dismissal of the complaint pursuant to RPAPL 1301 (3). The record supports the conclusion that the plaintiff's assignor, the former mortgagee, effectively abandoned its prior action to foreclose the mortgage because its status as a junior mortgagee made it improbable that foreclosure would satisfy the underlying debt. Although the foreclosure action was not formally discontinued, the effective abandonment of that action is a "de facto discontinuance" which militates against dismissal of the present action pursuant to RPAPL 1301 (3) (*see Credit-Based Asset Servicing & Securitization v Grimmer*, 299 AD2d 887, 888 [2002]). Allowing the plaintiff to pursue this action on the note, which was commenced more than four years after the foreclosure action was effectively abandoned, is not inconsistent with the purpose of RPAPL 1301 (3), a statute which must be strictly construed (*cf. NC Venture I, L.P. v Complete Analysis, Inc.*, 49 AD3d at 515; *Valley Sav. Bank v Rose*, 228 AD2d at 667; *Lehman v Roseanne Invs. Corp.*, 106 AD2d 617, 618 [1984]).

Furthermore, since the prior foreclosure action was commenced by the former mortgagee, and the plaintiff was not a party to that action, which was effectively abandoned approximately four years before the mortgage and note were assigned to the plaintiff, dismissal of the complaint was not warranted pursuant to CPLR 3211 (a) (4) on the ground that a prior action was "pending between the same parties" (*see Credit-Based Asset Servicing & Securitization v Grimmer*, 299 AD2d at 887).

The defendant John Conlin's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 3211 (a) and RPAPL 1301 which was to dismiss the complaint insofar as asserted against the defendant John Conlin, and granted that branch of the plaintiff's motion which was for summary judgment on the complaint. Eng, P.J., Hall, Cohen and Barros, JJ., concur.