■ TD Bank, N.A., Formerly Known as Commerce Bank, N.A., Appellant, v 250 Jackson Ave., LLC, et al., Respondents. [27 NYS3d 619]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered August 5, 2014, which denied that branch of its motion which was for leave to amend the complaint to substitute a cause of action to recover on a promissory note and guaranty in lieu of the cause of action to foreclose the mortgage.

Ordered that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was for leave to amend the complaint to substitute a cause of action to recover on a promissory note and guaranty in lieu of the cause of action to foreclose the mortgage is granted.

On or about September 11, 2007, the defendant 250 Jackson Ave., LLC (hereinafter 250 Jackson), executed a promissory note in favor of the plaintiff, and delivered to the plaintiff a mortgage on property located in Syosset to secure repayment of the note. On the same date, a guaranty with respect to the note was executed by the defendants DeBenedittis Nursery and Garden Center, Inc., Roy DeBenedittis, Richard DeBenedittis, and John DeBenedittis, pursuant to which each guaranteed payment of the amount due under the note. After 250 Jackson defaulted on the note, the plaintiff commenced this action to foreclose the mortgage. Subsequently, 250 Jackson entered into

a contract to sell the property to a purchaser for less than the amount owed under the note.

In March 2014, the plaintiff entered into a stipulation with the defendants pursuant to which the plaintiff agreed to accept the net proceeds of the sale in exchange for releasing the property from the mortgage. The stipulation provided, among other things, that the plaintiff was not releasing the defendants from their obligations under the note and guaranty, and that the plaintiff could proceed to collect the remaining amount owed thereunder. Thereafter, the plaintiff moved, inter alia, for leave to amend the complaint to substitute a cause of action to recover on the promissory note and guaranty in lieu of the cause of action to foreclose the mortgage. The Supreme Court denied that branch of the plaintiff's motion, and the plaintiff appeals.

"RPAPL 1301 (3) . . . 'prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court in which the foreclosure action was brought' " (*VNB N.Y. Corp. v Paskesz*, 131 AD3d 1235, 1236 [2015], quoting *First Nationwide Bank v Brookhaven Realty Assoc.*, 223 AD2d 618, 622 [1996]; *see* RPAPL 1301 [3]). Conversely, "where a 'foreclosure action is no longer pending and did not result in a judgment in the plaintiff's favor, the plaintiff is not precluded from commencing a separate action' without leave of the court" (*Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700, 701 [2015], quoting *McSorley v Spear*, 13 AD3d 495, 496 [2004]).

Here, since, pursuant to the parties' stipulation, the plaintiff agreed to accept the net proceeds of the sale in exchange for releasing the property from the mortgage and there was no judgment in the plaintiff's favor, the plaintiff was not precluded from seeking to recover on the note and guaranty by RPAPL 1301 (3), "a statute which must be strictly construed" (*Old Republic Natl. Tit. Ins. Co. v Conlin*, 129 AD3d 804, 805 [2015]; *see Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d at 701-702).

Furthermore, there is no reason the plaintiff could not seek such relief by seeking leave to amend its complaint, rather than by commencing a new action (*see Bank of N.Y. v Midland Ave. Dev. Co.*, 248 AD2d 342, 343 [1998]). Inasmuch as the proposed amendment is neither palpably insufficient nor patently devoid of merit, and the defendants would not be prejudiced by the proposed amendment, the Supreme Court should have granted that branch of the plaintiff's motion which

was for leave to amend the complaint to substitute a cause of action to recover on a promissory note and guaranty in lieu of the cause of action to foreclose the mortgage (*see* CPLR 3025 [b]; *Postiglione v Castro*, 119 AD3d 920, 922 [2014]; *Bank of N.Y. v Midland Ave. Dev. Co.*, 248 AD2d at 343). Balkin, J.P., Dickerson, Hall and Roman, JJ., concur.