21st Mtge. Corp. v Ahmed (2019 NY Slip Op 04899)





21st Mtge. Corp. v Ahmed


2019 NY Slip Op 04899


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-00508
 (Index No. 501061/15)

[*1]21st Mortgage Corporation, etc., respondent,
v
Iftikhar Ahmed, et al., defendants, David Kahn, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Warner & Scheuerman [Jonathan D. Warner], of counsel), for appellant.
Bradshaw Law Group P.C., New York, NY (Diane Bradshaw of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Kahn appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 26, 2016. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2007, Whitman Mortgagee, a New York Corporation (hereinafter Whitman), commenced an action to foreclose a mortgage against, among others, Iftikhar Ahmed (hereinafter the 2007 action). In November 2013, while the 2007 action remained pending, the appellant, David Kahn, purchased the subject property from Ahmed. The mortgage that was the subject of the 2007 action allegedly was transferred to 21st Mortgage Corporation on July 28, 2014. In August 2014, the Supreme Court granted Kahn leave to intervene in the 2007 action. In a stipulation dated November 5, 2014, Whitman and Kahn stipulated to discontinue the 2007 action and vacate the notice of pendency. The stipulation indicated, inter alia, that none of the defendants to that action had appeared or answered the complaint.
In January 2015, 21st Mortgage Corporation commenced the instant action to foreclose the same mortgage against, among others, Kahn. Kahn answered the complaint in March 2015, and asserted, among his affirmative defenses, that the action could not be maintained by reason of the pending 2007 action. Although apparently signed by the respective parties' attorneys in November 2014, the stipulation to discontinue the 2007 action was not filed and so ordered by the Supreme Court until October 19, 2015.
By notice of motion dated December 18, 2015, 21st Mortgage Corporation moved, inter alia, for summary judgment on the complaint in the instant action. Kahn cross-moved, inter alia, pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint insofar as asserted against him. In an order dated July 26, 2016, the Supreme Court denied the motion and the cross motion. Among other things, the court granted 21st Mortgage Corporation leave to commence the instant action, nunc pro tunc to the filing date. Kahn appeals from so much of the order as denied [*2]those branches of his cross motion which were pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint insofar as asserted against him.
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of the statute is "to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [internal quotation marks and emphasis omitted]; see Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805; Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 701; Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930). Here, since the 2007 action had not been discontinued at the time that the instant action was commenced, 21st Mortgage Corporation should have sought leave of the court in which the 2007 action was filed (see RPAPL 1301[3]). However, under the circumstances of this case, where the stipulation to discontinue the 2007 action was signed prior to the commencement of this action, the 2007 action was discontinued before the subject motions were made, and there is no indication that Kahn was prejudiced by 21st Mortgage Corporation's failure to comply with RPAPL 1301(3), we agree with the Supreme Court's determination to deny that branch of Kahn's cross motion which was pursuant to RPAPL 1301(3) to dismiss the complaint insofar as asserted against him.
Pursuant to CPLR 3211(a)(4), a party may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." However, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211[a][4]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of Kahn's cross motion which was to dismiss the complaint insofar as asserted against him on this ground.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court