Deutsche Bank Natl. Trust Co. v O'Brien (2019 NY Slip Op 06379)





Deutsche Bank Natl. Trust Co. v O'Brien


2019 NY Slip Op 06379


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10761
 (Index No. 603607/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Rosemary O'Brien, appellant, et al., defendants.


Richard J. Sullivan, Port Jefferson, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick and Leah Jacob of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemary O'Brien appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 19, 2017. The order denied that defendant's motion, made jointly with the defendant Michael O'Brien, pursuant to RPAPL 1301(3) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff commenced an action to foreclose a mortgage (hereinafter the prior action). After several years of inactivity in the prior action, the plaintiff commenced the instant action to foreclose the same mortgage on March 8, 2016. The complaint in the instant action alleged that "a prior action was commenced and [the] plaintiff intends it to be discontinued." The New York State Courts Electronic Filing System contains an entry for the prior action, dated April 20, 2016, stating: "Other Final Disp-Pre Note."
In July 2016, the defendant Rosemary O'Brien, jointly with the defendant Michael O'Brien (hereinafter together the O'Briens), moved pursuant to RPAPL 1301(3) to dismiss the complaint in the instant action on the ground that there was another action pending to foreclose the same mortgage. The Supreme Court denied the motion, and Rosemary O'Brien appeals.
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." " The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt'" (Central Trust Co. v Dann, 85 NY2d 767, 772 [emphasis omitted], quoting Reichert v Stilwell, 172 NY 83, 88). "Courts have recognized that RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236 [internal quotation marks omitted]; see TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d 1006, 1007; Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805).
Under the circumstances of this case, we agree with the Supreme Court's determination to deny the O'Briens' motion pursuant to RPAPL 1301(3) to dismiss the complaint. Under the circumstances, the failure of the plaintiff to comply with RPAPL 1301(3) was properly disregarded as a mere irregularity (see CPLR 2001; Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court