U.S. Bank N.A. v Chait (2019 NY Slip Op 08639)





U.S. Bank N.A. v Chait


2019 NY Slip Op 08639


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10474N 850037/15 2007

[*1] U.S. Bank National Association as Trustee for CMALT REMIC, A4 PRAA-REMIC Pass Through Certificates, Series 2007 A4, Plaintiff-Respondent,
v
Mindy N. Chait also known as Mindy Chait, Defendant-Appellant, Joshua Kirschenbaum, et al., Defendants.


Richland & Falkowski, PLLC, Astoria (Michal Falkowski of counsel), for appellant.
Akerman LLP, New York (Jordan M. Smith of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 11, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its foreclosure complaint, and denied defendant Mindy Chait's cross motion to dismiss the complaint, unanimously affirmed, without costs.
The court properly determined that while the foreclosure action commenced in 2012 by plaintiff's predecessor-in-interest was not formally discontinued when it was marked off the calendar and "disposed" of in 2013, the record supports a finding that the prior action was inactive and effectively abandoned and therefor not pending (see Bank of N.Y. Mellon v Adamn P10tch LLC, 162 AD3d 502 [1st Dept 2018]). When a foreclosure action is "not formally discontinued, the effective abandonment of that action is a de facto discontinuance which militates against dismissal of the present action pursuant to RPAPL 1301(3)" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805 [2d Dept 2015] [internal quotation marks omitted]). Accordingly, at the time this action was commenced in 2015, RPAPL 1301(3) did not require that this action be dismissed (see id.; compare U.S. Bank N.A. v Beymer, 161 AD3d 543, 544 [1st Dept 2018]).
We have considered defendant Chait's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK