US Bank v Stern (2020 NY Slip Op 07624)





US Bank v Stern


2020 NY Slip Op 07624


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-04740
 (Index No. 512007/17)

[*1]US Bank, etc., respondent, 
v
Asher Stern, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Reid Smith LLP, New York, NY (Andrew B. Messite and Joseph S. Jacobs of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Asher Stern and Tzippora Stern appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 13, 2018. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 30, 2011, the plaintiff commenced an action (hereinafter the 2011 action) to foreclose a mortgage against, among others, the defendants Asher Stern and Tzippora Stern (hereinafter together the defendants). In January 2016, the plaintiff moved to discontinue that action. On June 19, 2017, at which point its motion to discontinue the 2011 action had not yet been decided, the plaintiff commenced the instant action to foreclose the same mortgage against, among others, the defendants. The complaint in the instant action acknowledged the existence of the 2011 action and alleged that the plaintiff was "waiting for an Order of Discontinuance to be signed." By order dated August 4, 2017, the Supreme Court granted the plaintiff's motion to discontinue the 2011 action.
By notice of motion dated August 21, 2017, the defendants moved, inter alia, pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) to dismiss the complaint in the instant action insofar as asserted against them. The Supreme Court denied the defendants' motion. The defendants appeal. We affirm.
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of the statute is "to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [emphasis and internal quotation marks omitted]). Here, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to RPAPL 1301(3) [*2]to dismiss the complaint. Under the circumstances, the plaintiff's failure to comply with RPAPL 1301(3) was properly disregarded as a mere irregularity (see Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651).
Pursuant to CPLR 3211(a)(4), a party may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." However, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211[a][4]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them on this ground (see 21st Mtge. Corp. v Ahmed, 173 AD3d 951, 952-953).
The defendants' remaining contention is without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court