Wells Fargo Bank, N.A. v Mitselmakher (2021 NY Slip Op 04781)





Wells Fargo Bank, N.A. v Mitselmakher


2021 NY Slip Op 04781


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-07123
2018-08459
 (Index No. 135561/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Sofia Mitselmakher, et al., defendants, Adam Plotch, appellant.


Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to foreclose a mortgage, the defendant Adam Plotch appeals from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 29, 2018, and (2) a corrected order of the same court dated April 26, 2018. The order and the corrected order, insofar as appealed from, denied the motion of the defendant Adam Plotch to vacate an order of the same court (Judith N. McMahon, J.) dated May 12, 2016, granting the plaintiff's motion pursuant to CPLR 306-b to extend the time in which to serve that defendant with the summons and complaint, and denied that defendant's separate motion for summary judgment dismissing so much of the consolidated action as related to an action commenced against him on May 1, 2015.
ORDERED that the appeal from the order dated March 29, 2018, is dismissed, as that order was superseded by the corrected order; and it is further,
ORDERED that the corrected order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 1, 2002, the defendant Sofia Mitselmakher executed a note in favor of GFI Mortgage Bankers, Inc. (hereinafter GFI), in the principal sum of $300,000. The note was secured by a mortgage on certain real property located in Staten Island (hereinafter the property). The mortgage was executed by Mitselmakher and the defendant Irina Baram. Through a series of assignments and endorsements, the note was endorsed to Ohio Savings Bank (hereinafter OSB).
On May 1, 2003, Mitselmakher executed a note in favor of OSB in the principal sum of $11,633.76. The note was secured by a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for OSB. On the same day, Mitselmakher and Baram entered into a consolidation, extension, and modification agreement, whereby the two notes were consolidated into a consolidated note and the two mortgages were [*2]consolidated into a consolidated mortgage. On September 2, 2009, MERS, as nominee for OSB, assigned the consolidated mortgage to the plaintiff.
On September 15, 2009, the plaintiff commenced an action to foreclose the consolidated mortgage against, among others, Mitselmakher and Baram (hereinafter the first foreclosure action). According to the plaintiff, Mitselmakher failed to make the payments due on November 1, 2008.
In January 2012, while the first foreclosure action was pending, there was a public auction for an unpaid condominium lien. An entity named "City West Capital, LLC," was the successful bidder at the public auction, having bid the sum of $231,000. City West Capital, LLC, assigned its bid to Adam Plotch. On or about June 12, 2012, Plotch acquired title to the property, subject to the consolidated note and mortgage held by the plaintiff.
On July 16, 2014, the plaintiff commenced a second action to foreclose the consolidated mortgage against, among others, Mitselmakher, Baram, and Plotch (hereinafter the second foreclosure action). Plotch moved, inter alia, to dismiss the complaint in the second foreclosure action insofar as asserted against him for lack of personal jurisdiction. A hearing to determine the validity of service was held and the referee recommended that the court find that the plaintiff failed to sustain its burden of proving that service was effectuated upon Plotch. Plotch moved to confirm the referee's report and to dismiss the complaint in the second foreclosure action insofar as asserted against him. By order dated September 26, 2016, the Supreme Court, among other things, granted the motion and directed dismissal of the complaint in the second foreclosure action insofar as asserted against Plotch.
Meanwhile, on May 1, 2015, while Plotch's motion to dismiss the second foreclosure action was pending, the plaintiff commenced an action against Plotch alone, not against Mitselmakher and Baram (hereinafter the third action). In the complaint relating to the third action, the plaintiff alleged that Mitselmakher defaulted on the consolidated note by failing to make the payment due on November 1, 2008. As particularly relevant herein, the plaintiff alleged that Plotch's interest in or lien upon the property was subsequent to and subordinate to the plaintiff's interest and that Plotch should "be barred and foreclosed of all right, title, claim, lien and equity of redemption" in the property.
The plaintiff moved ex parte pursuant to CPLR 306-b to extend the time within which to serve Plotch with the summons and complaint in the third action. In an order dated May 12, 2016, the Supreme Court granted the motion. On June 1, 2016, Plotch was served with the summons and complaint in the third action pursuant to CPLR 308(2).
By order dated August 17, 2016, prior to the dismissal of the complaint in the second foreclosure action insofar as asserted against Plotch, the Supreme Court granted the plaintiff's motion to consolidate the second foreclosure action and the third action.
Plotch moved to vacate the order dated May 12, 2016, on the ground, inter alia, that the third action was barred under RPAPL 1301(3) and also separately moved for summary judgment dismissing so much of the consolidated action as related to the third action. By order dated March 29, 2018, which was superseded by a corrected order dated April 26, 2018, the Supreme Court, among other things, denied Plotch's motions. Plotch appeals.
Plotch contends that the Supreme Court should have dismissed so much of the consolidated action as related to the third action because the plaintiff's commencement of that action without leave of court violated RPAPL 1301(3). The plaintiff counters that RPAPL 1301(3) does not require dismissal of the claims related to the third action because the complaint therein did not seek to collect on the same mortgage debt as was sought in the second foreclosure action. Rather, the third action "merely sought to extinguish Plotch's interest" in the property.
RPAPL 1301(3) provides that "[w]hile [an] action is pending . . . , no other action [*3]shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." "The object of the statute is to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d 650, 651 [internal quotation marks omitted]; see PNC Bank, NA v Islam, 176 AD3d 882, 883, quoting Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805). "'Courts have recognized that RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time'" (Deutsche Bank Natl. Trust Co. v O'Brien, 175 AD3d at 651, quoting VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236; see Bank of N.Y. Mellon v Adam P10tch LLC, 162 AD3d 502, 503). Further, where a defendant is "not prejudiced by the plaintiff's failure to comply with RPAPL 1301(3) since he [or she is] not in the position of having to defend against more than one lawsuit to recover the same mortgage debt" (Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611), a plaintiff's "failure to comply with RPAPL 1301(3) should . . . [be] disregarded as a mere irregularity" (id. at 611; see US Bank v Stern, 189 AD3d 1313, 1314).
Here, as found by the Supreme Court, the complaints in the second foreclosure action and the third action did not seek identical relief. The third action was commenced against Plotch alone, and not against the borrowers, Mitselmakher and Baram. Plotch is not a mortgagor. Thus, contrary to Plotch's contention, the third action was not a simultaneous action to foreclose on the consolidated note and mortgage. Accordingly, RPAPL 1301(3) does not bar the third action.
Plotch's remaining contentions, including his contentions regarding the plaintiff's ex parte motion pursuant to CPLR 306-b, are without merit.
MASTRO, J.P., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court