Stewart Tit. Ins. Co. v Zaltsman (2022 NY Slip Op 05107)

Stewart Tit. Ins. Co. v Zaltsman

2022 NY Slip Op 05107

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2021-03040
2021-03041
 (Index No. 706523/21)

[*1]Stewart Title Insurance Company, appellant, 
v
Boris Zaltsman, et al., defendants.

Sherwood & Truitt Law Group, LLC, Garden City, NY (James P. Truitt III and Robyn M. Fearon of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 9, 2019, and (2) an order of the same court entered July 8, 2020. The order entered October 9, 2019, denied the plaintiff's motion for leave to amend the complaint to substitute a cause of action to recover on a promissory note in lieu of the cause of action to foreclose the mortgage. The order entered July 8, 2020, denied the plaintiff's motion for leave to reargue its prior motion for leave to amend the complaint.
ORDERED that the order entered October 9, 2019, is reversed, on the law, without costs or disbursements, and the plaintiff's motion for leave to amend the complaint to substitute a cause of action to recover on a promissory note in lieu of the cause of action to foreclose the mortgage is granted; and it is further,
ORDERED that the appeal from the order entered July 8, 2020, is dismissed, without costs or disbursements.
On April 19, 2000, the defendants Boris Zaltsman and Larisa Bespalko (hereinafter together the defendants) executed a note in the amount of $58,300 in favor of Staten Island Savings Bank (hereinafter SISB), and delivered to SISB a mortgage on residential property located in Flushing, to secure repayment of the note. SISB assigned the mortgage to First American Title Insurance Company of New York (hereinafter First American). First American then commenced this action to foreclose the mortgage against, among others, the defendants, based on the defendants' failure to make payments under the mortgage and note.
In January 2015, First American assigned the mortgage to Stewart Title Insurance Company. On or about April 6, 2015, Stewart Title Insurance Company and First American entered into a stipulation, which was so ordered by the Supreme Court (hereinafter the so-ordered stipulation). The so-ordered stipulation discontinued the action against all other parties except the defendants, canceled the notice of pendency filed against the property, and substituted Stewart Title Insurance Company (hereinafter the plaintiff) as the plaintiff. Additionally, the so-ordered stipulation provided that the plaintiff had the right to continue the action against the defendants or "otherwise enforce the debt which this action was commenced to collect." In August 2015, the plaintiff filed a document releasing the mortgage on the property.
In July 2019, the plaintiff moved for leave to amend the complaint to substitute a cause of action to recover on the promissory note in lieu of the cause of action to foreclose the mortgage. By order entered October 9, 2019, the Supreme Court denied the plaintiff's motion. Thereafter, the plaintiff moved for leave to reargue its motion for leave to amend the complaint. By order entered July 8, 2020, the court denied leave to reargue. The plaintiff appeals from the orders entered October 9, 2019, and July 8, 2020.
The appeal from the order entered July 8, 2020, must be dismissed because no appeal lies from an order denying reargument (see Halvatzis v Perrone, 199 AD3d 787, 788; Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997).
"'RPAPL 1301(3) . . . prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court in which the foreclosure action was brought'" (TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d 1006, 1007, quoting VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236 [internal quotation marks omitted]; see RPAPL 1301[3]). Conversely, "'where a foreclosure action is no longer pending and did not result in a judgment in the plaintiff's favor, the plaintiff is not precluded from commencing a separate action without leave of the court'" (TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d at 1007, quoting Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 701 [internal quotation marks omitted]).
Here, pursuant to the so-ordered stipulation and the plaintiff's release of the mortgage, the cause of action to foreclose the mortgage was, in effect, discontinued, without the entry of any judgment in the plaintiff's favor (see Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805; Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d at 701). Since the cause of action to foreclose the mortgage was no longer pending, the plaintiff was not precluded from seeking to recover on the note by RPAPL 1301(3), "'a statute which must be strictly construed'" (TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d at 1007, quoting Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805; see Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d at 701-702).
Furthermore, "there is no reason the plaintiff could not seek such relief by seeking leave to amend its complaint, rather than by commencing a new action" (TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d at 1007; see Bank of N.Y. v Midland Ave. Dev. Co., 248 AD2d 342, 343). Inasmuch as the proposed amended complaint is neither palpably insufficient nor patently devoid of merit, and the defendants would not be surprised or prejudiced by the proposed amendment, the Supreme Court should have granted the plaintiff's motion for leave to amend the complaint to substitute a cause of action to recover on a promissory note in lieu of the cause of action to foreclose the mortgage (see CPLR 3025 [b]; TD Bank, N.A. v 250 Jackson Ave., LLC, 137 AD3d at 1008; Bank of N.Y. v Midland Ave. Dev. Co., 248 AD2d at 343).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court